ALMA BEDELL *v.* TIMOTHY S. CARLL and WALTER SCUDDER, Executors, &c., of Aaron H. Bedell, deceased.

The possession of a promissory note by the plaintiff, indorsed in blank by the payee thereof, is *prima facie* proof of ownership, and sufficient, in the absence of other evidence, to entitle the holder to recover on proving the indorsement, &c.

The allegation in the complaint, that the holder acquired title thereto by gift from the payee, is unnecessary; and being alleged, need not be proved.

*It seems,* the promissory note of a third party is the subject matter of a gift *inter vivos;* and the delivery thereof into the immediate possession of the donee is sufficient to uphold such gift.

The rule being, that all that is essential to uphold a gift of personal property by parol, is an expression to that effect by the donor, accompanied by a delivery of the thing to the donee.

APPEAL from judgment of the Supreme Court. The action was on a promissory note made by one Edward Berry, and delivered for value to Aaron H. Bedell in his lifetime. The plaintiff, who was the daughter of Aaron H. Bedell, claimed to be the owner and holder of the note, and as such, to recover in this action. The action was originally commenced against Berry, but on motion, Carll and Scudder, executors of Aaron H. Bedell, who had died subsequently to the alleged transfer of the note to the plaintiff, were substituted as defendants in his place, under sec. 122 of the Code. Berry paid to the clerk of the court the amount directed by the order, viz: the note and interest due thereon, and the action proceeded against the substituted defendants.

The plaintiff, in her complaint, alleged that Berry, on the 29th of March, 1855, by his promissory note, in writing, dated that day, for value received, promised to pay, on demand, to Aaron H. Bedell, or order, the sum of $200 with interest thereon, at the rate of seven per cent per annum, from the date of the note; that Berry paid the interest thereon up to the 29th of March, 1859, in several payments; that the plaintiff is the daughter of Aaron H. Bedell, the payee in said note, and that after the making of the same,

and the payments of the interest thereon as aforesaid, her father, the said Bedell, indorsed said note, and delivered the same to her as a gift, to be her sole and separate property; and that she is now the lawful owner and holder of said note.

The defendants, in their answer, admitted the making of the note by Berry, and that the amount claimed was due upon it, but denied that Bedell, the payee, indorsed it, or delivered the same to the plaintiff as a gift, to be her sole and separate property, or that she is now the lawful holder and owner of the same, on information and belief. As an affirmative defense, the answer alleged that at the time of the pretended gift, indorsement and delivery of said note by the payee therein named to the plaintiff, the said Aaron H. Bedell was in such a state and condition, by reason of sickness, that he was incapable of transacting business of any kind, performing any legal act, or making any sale, gift or other disposition of any property then belonging to him, by then being of unsound mind, and incapable of judging of the effect of his acts, or distinguishing between right and wrong.

The cause was tried before Mr. Justice Lott and a jury, at the Suffolk Circuit, in October, 1864. On the trial the plaintiff produced the note, and, as the case states, through her counsel claimed to be entitled to recover in the action on the ground of an alleged gift of said note by the said Aaron H. Bedell to the plaintiff, who was his daughter, during his last illness, and three or four days before his decease. After producing the note and proving the indorsement, the note and indorsement were read in evidence, and after an admission of the amount of interest, the plaintiff rested her case.

The defendants, as executors of Aaron H. Bedell, thereupon moved the court for judgment directing that said moneys belong and be paid over to the said defendants, on the ground of the insufficiency of the proof on the part of the plaintiff to establish a gift, *causa mortis*, of the note in question to the plaintiff. The court overruled and denied the motion, and the defendants excepted.

The defendants failing to produce any evidence, the plaintiff, by her counsel, moved the court to order and direct the jury to render a verdict in favor of the plaintiff for the amount of the note, and interest thereon; to which motion the defendants, by their counsel, objected. The court overruled the objection, and held and determined that the production of the note by the plaintiff, with proof of indorsement, and the amount of interest, entitled the plaintiff to recover, and directed the jury to find a verdict for the plaintiff for $277.27; to which direction and order the defendants' counsel excepted. The jury, under the direction of the court, found a verdict for that amount; and the defendants' exceptions were directed to be heard in the first instance at General Term.

The General Term ordered judgment for the plaintiff on the verdict, with costs. Judgment was accordingly entered for the plaintiff, from which judgment this appeal is taken by the defendants.

*Weeks, DeForest & Forster*, for the plaintiff.

*Elias J. Beach*, for the defendants.

WRIGHT, J. There is no tenable exception in the case. The making of the note by Berry, and that the amount claimed was due upon it, were facts admitted by the pleadings; the defendants, in their answer, only putting in issue the plaintiff's ownership of it. On the trial, she produced the note, and proved the indorsement of her father, from whom she obtained it. This was enough. The possession of the note at the trial, indorsed in blank by the payee, was *prima facie* evidence of title, and certainly to enable the plaintiff to recover, she was not required to show affirmatively the way in which she became the owner. It is true, she alleged in her complaint that she acquired the title by gift; but this allegation was unnecessary, and did not cast on her the burden of proving it, or repel the presumption of ownership arising from her possession of the note. In this view of the case, as no evidence was offered to sustain any defense, and

the plaintiff had made out her case *prima facie*, the judge was right in directing a verdict in her favor.

But if, as is now contended, the principal matter tried at the circuit was, whether there had been a gift of the note to the plaintiff by her father, still there was no error in the disposition of the case. The proof was sufficient to establish, what the complaint unnecessarily alleged, a gift *inter vivos* of the note in question to the plaintiff. It has been often held that the promissory note of a third person is the subject of gift; and all that is necessary to uphold such gift is the delivery of the chose in action into the immediate possession of the donee. A gift *inter vivos*, when made perfect by delivery of the thing given, is an executed contract; and effectually and irrevocably vests the property in the donee. In short, all that is essential to constitute a valid transfer of property by parol gift, is an expression to that effect by the donor, accompanied by a delivery of the thing to the donee. Of course, neither a donation *inter vivos* or *mortis causa* is good without delivery; but in the one case, the title passes immediately to the donee on delivery, and the donor has no more right over the property than any other person; in the other, the title does not pass immediately; it is a conditional gift to take effect only on the death of the donor, who in the meantime has the power of revocation, and may at any time resume possession and annul the gift. The facts conceded and proved in the case were these: The note originally belonged to Aaron H. Bedell, the father of the plaintiff. It was made payable to his order, was in his custody for four years, and he collected and indorsed the payments of interest thereon down to March, 1859. Bedell died some time in 1860, but the precise date does not appear. Before his death, and it may be admitted during his last illness, he indorsed the note in blank, and delivered it over to the plaintiff. I repeat, delivered it to the plaintiff, for the production by her of the note, indorsed in blank, was ample proof of its delivery. Why this indorsement and delivery of the note into the immediate possession of the plaintiff, unless a gift was intended? It was precisely what was

required to be done to make a valid and effectual gift. The
acts are explainable on no other theory. When, therefore,
the plaintiff rested, she had shown *prima facie* a gift of the
note from her father; and the defendants offering no proof,
upon this theory of the case, their exception to the direction
of the court to the jury to find a verdict for the amount of
her claim was without force.

· It is stated that the defendants, as executors of Aaron H.
Bedell, moved the court for judgment directing that the
said moneys (meaning those paid into court by Berry, the maker
of the note) belong and be paid over to them, on the ground of
the insufficiency of the plaintiff's proof to establish a gift,
*causa mortis*, of the note to her; which motion was denied,
and an exception taken. The judgment asked for was, that
the amount of the note which the plaintiff sought to recover
be paid over to the defendants as assets of their testator; and
the specific ground on which the motion was placed, was a
failure of proof to establish a *donatio mortis causa*. Perhaps,
the exception to the denial of the motion is sufficiently met
and answered by the suggestion that neither in the pleadings,
nor on the trial, did the plaintiff or her counsel claim or pre-
tend to have acquired title to the note by a gift *causa mortis*,
nor was any such issue presented or tried. The complaint
averred title by a gift *inter vivos*, and not a gift in prospect
of death; and it was an absolute present gift of the note,
and not one essentially testamentary, that the proof was
offered on the trial to establish. It is not necessary, how-
ever, to rely on so technical a ground. The motion was
properly refused, if on the trial a recovery had been claimed
on the ground of title to the note by gift *causa mortis*. No
other or different proof is required to establish a gift of this
description than one *inter vivos*. It is essential to the valid-
ity of both that there should be an expression of purpose to
make the gift, and an actual delivery of the subject thereof
to the donee. In the one case, the gift becomes complete by
delivery of the thing given; in the other, by the death of
the donor. In either, there is no gift without delivery. Gifts
made in prospect of death are not favored or encouraged by

the courts; but when the proof establishes a valid gift of that nature, it is to be upheld. Nor where a party claims title to property by such a disposition, is he called upon, in order to sustain the claim, to show affirmatively, and with minuteness, the circumstances under which the alleged gift was made. He establishes a *prima facie* case when he shows that the disposition has been attended by all the requisites which the common law prescribes to give it validity. Certainly, he is not required to prove affirmatively that the donor was of sound disposing mind and memory when he made the gift, and that the delivery of the subject was his free and voluntary act. These are matters of defense equally applicable to gifts *inter vivos* and *causa mortis.* In the present case, coupling the allegations of the complaint and the statements of the plaintiff's counsel with the evidence (as the defendants' counsel insists should be done), the plaintiff showed that, in the last illness of her father, and three or four days before his decease, he indorsed the note in question, which was payable to his order, and delivered it to her as a gift; and from that time until the trial, it had continued in her possession. I know not what further was required, in the absence of conflicting evidence or anything to throw doubt on the transaction, to establish a gift of the note, whether made absolutely or in expectation of the donor's death. Manifestly, there was not such an insufficiency of proof to sustain the gift as to have justified the judgment applied for by the defendants, as executors of the donor.

The judgment of the Supreme Court should be affirmed.

All the judges concurring,

Judgment affirmed.