PHILIP DOHERTY *vs.* SILAS S. LINCOLN & others.

The provisions of Gen. Sts. *c.* 115, § 7, as to the filing and presentation of exceptions, must, unless waived by the adverse party, be strictly complied with, and when such compliance does not appear on the dockets and files, the exceptions will, on motion, be dismissed by this court.

MOTION by the plaintiff to dismiss a bill of exceptions to rulings of *Dewey,* J., at a trial in the Superior Court at September term, 1873, as not having been seasonably presented. It appeared by the docket and files of that court that a verdict for the plaintiff was returned and recorded on October 10; that on October 17 the term was adjourned without day, and this case continued *nisi ;* that the bill of exceptions, signed by the defendants' attorney, and allowed by the presiding judge, and indorsed by the judge thus : " May be filed and allowed of the last day of September term," was received and filed by the clerk after October 24 as of October 17.

*W. S. Stearns,* for the plaintiff.

*C. E. Sweeney,* for the defendants.

GRAY, C. J. The Gen. Sts. *c.* 115, § 7, require exceptions allowed to rulings at the trial to be reduced to writing, and filed with the clerk, and notice thereof given to the adverse party, and presented to the court, before the adjournment, without day of the term, and within three days after the verdict in the case and provide that " for good cause shown a further time, not ex-

ceeding five days, unless by consent of the adverse party, may be allowed by the court ; " and that " in all cases the adverse party shall have an opportunity to be heard concerning the allowance of such exceptions."

The date of the filing of the exceptions, and any order of the court extending the time, should appear on the docket. *Barstow* v. *Marsh*, 4 Gray, 165. The decision in *Whitcomb* v. *Williams*, 4 Pick. 228, that the certificate of the judge, allowing the excep-- tions, was conclusive that they were seasonably alleged, was made under the St. of 1820, *c.* 79, § 5, which did not require the filing of the exceptions and notice thereof to the adverse party, but merely that they should be presented to the court; and is inap- plicable to the existing statutes. The provisions of these statutes, requiring the exceptions to be filed with the clerk, as well as pre- sented to the court, within the time prescribed, are intended for the benefit of the adverse party ; and he is entitled to insist upon due proof of a strict compliance with them, unless he has done something to waive it. In the present case, there is no evidence of such waiver ; and the bill of exceptions does not appear by the dockets or files of the court below to have been filed with the clerk or presented to the judge within the time prescribed. It must therefore be dismissed.

But if we could give full effect to the statements made by the defendants' counsel at the argument of this motion, they do not show anything more than that a minute was made by him at the trial, and corrected by the presiding judge, of the questions of law arising and ruled upon, with a view to assist in framing a bill of exceptions in the future ; they do not show that a bill of exceptions, or anything which could be called a bill of exceptions, was formally reduced to writing at the trial, or seasonably filed with the clerk or presented to the judge.

In any aspect of the case therefore, the excepting party, not having complied with the statute, is not entitled to argue his ex- ceptions. If any mode of relief is open to him, it must be sought in the Superior Court. *Exceptions dismissed.*