COMMONWEALTH *vs.* JEREMIAH A. GREENLAW.

Suffolk. November 22. — 27, 1875. COLT, J., absent.

Under the Gen. Sts. *c.* 115, § 7, if exceptions are not presented to the presiding judge, or application made to him for an extension of the time for presenting them, before the final adjournment of the court, they cannot be allowed withou the consent of the adverse party, although they are filed within three days after the verdict.

INDICTMENT for subornation of perjury. At the trial in the Superior Court, before *Bacon*, J., at July term 1875, the de-

fendant was found guilty, and alleged exceptions to the rulings at the trial. The certificate of the judge upon the bill of exceptions was as follows:

" I have examined the foregoing bill of exceptions, and find the same to be conformable to the truth ; and I allow the same, provided the Supreme Judicial Court shall be of opinion that I have a right in my discretion so to do, upon the following facts : No bill of exceptions was filed with the clerk in this case, until after the adjournment of the court without day. The verdict in this case was rendered on the last day but one of the term, and, on the next day after verdict, that being the last day of the term, a bill of exceptions was filed, but not until after the final adjournment of the court without day. The time for filing said exceptions was not extended by the court, no application therefor having been made to the court, and no memorandum in relation thereto was made upon the docket. The government did not assent that any bill of exceptions should be filed in this case."

*A. R. Brown & E. A. Alger*, for the defendant.

*C. R. Train*, Attorney General, for the Commonwealth.

GRAY, C. J. The provision of the Gen. Sts. *c.* 115, § 7, is explicit, that bills of exceptions shall be presented to the court within three days after the verdict in the case, or the ruling excepted to, and before the adjournment without day of the term at which the exceptions are taken, unless the court, for good cause shown, allows further time. Application for an extension of the time must be made before the time given by the statute has expired. In the present case, no exceptions having been presented to the presiding judge, or application made to him for an extension of the time for presenting them, until after the final adjournment of the term, he had no authority to allow them without the consent of the adverse party. *Barstow* v. *Marsh*, 4 Gray, 165. *Phillips* v. *Soule*, 6 Allen, 150. *Doherty* v. *Lincoln*, 114 Mass. 362. *Ex parte Bradstreet*, 4 Pet. 102. *United States* v. *Breitling*, 20 How. 252. *Exceptions dismissed.*