New York County.—HON. D. C. CALVIN, Surrogate.—June, 1876.

## MATTER OF WARD.

*In the matter of the Estate of* RICHARD WARD, *deceased.*

Evidence that the intestate gave to his wife money with which to purchase furniture, which she did, without further evidence tending to show a gift either of the money or furniture to her as her separate property, is not enough to exonerate her from accounting for it as administratrix.

A savings bank deposit by the intestate in the name of himself and wife, entered thus, "Richard or Kate Ward," she never having had possession of the pass-book during his life, is presumptively his property exclusively.

The essential features of a gift *inter vivos* are expressions of intention to make a gift, and an actual delivery of the subject of it to the donee. *
The case of *Sanford* v. *Sanford*, 45 N. Y., 723, questioned.

THIS was a proceeding for a final settlement of an account of the administratrix, in the matter of the estate of Richard Ward, deceased.

Objection was made to the final account rendered by the administratrix, on the ground, among others, that

---

*See also *Fiero* v. *Fiero*, 5 *Supm. Ct.;* (T. & C.) 151 *Reed* v. *Reed*, 52 *N. Y.*, 651; *Stevens* v. *Stevens, post*, 265.

it did not embrace a deposit, in the Excelsior Savings Bank of the City of New York, amounting to the sum of $3,045, nor certain household furniture and chattels, worth $800.

The proof showed substantially that the deceased in his life-time, deposited the money in question in said bank, and had the entry made in his bank pass-book "Richard or Kate Ward." That the entry was made in the bank books "Kate or Richard Ward."

That the deceased drew from the account on several occasions, but that his wife, Kate, never drew anything, until after she came into possession of the bank book subsequent to the intestate's decease.

It also appeared that Mrs. Ward had no means or separate estate.

In respect to the other item, it appeared that the intestate left considerable furniture of the value of about $800, which was purchased by his wife with money furnished by her husband, and which was not accounted for.

Another objection, not involving any question of law, is omitted.

MAN & PARSONS, *for the Administratrix.*

THE SURROGATE.—In respect to the furniture, the proof shows that the intestate gave to his wife the money with which to purchase the furniture in question, and there is no evidence tending to show a gift, either of the money, or furniture to her, as her separate property. It therefore remained the property of the intestate at the time of his decease, and the administratrix should account therefor.

It is claimed in behalf of the administratrix that the deposit of the money in the Excelsior Savings Bank in the name of Richard or Kate Ward is evidence of a gift

of the fund to Kate Ward; but it seems to me that the transaction lacks the essential features of a gift *inter vivos,* which are, expressions of an intention to make a gift, and an actual delivery of the subject thereof to the donee. (*Bedell* v. *Carll,* 33 *N. Y.,* 581; *Shuttleworth* v. *Winter,* 55 *Id.,* 624; *Irish* v. *Nutting,* 47 *Barb.,* 370.)

It seems to me quite clear that there was not such a parting with the possession, or title to the money so deposited, as to divest the intestate of all right to the money, which is absolutely essential to a gift *inter vivos.* Indeed the fact that it was deposited by the husband in his name, as well as that of his wife, was the highest evidence, that he did not intend to part with his control over it; and the most that it seems to me can be said in respect to the deposit being to the credit, or order of his wife, also, was that it would enable her, under the rules of the bank, to draw the money in case he was unable to do so for any reason, and that in doing so, she would act as the agent of her husband in the premises.

In *Irish* v. *Nutting* (above cited,) it was held that where the intestate gave several notes of a third party, to his wife, saying "I give you these notes, and if I never return, they are yours," this did not constitute a gift; and Mr. Justice BACON (at page 383) says: "it clearly cannot be sustained as a gift *inter vivos* for the obvious reason that it was coupled with a condition, upon the happening of which the owner was to receive possession. An absolute gift divests the donor's title, and requires a renunciation on his part and the acquisition on the part of the donee of all title to, and interest in, the subject of the gift. A valid gift however has no reference to the future, but is one which goes into immediate and absolute effect."

Such I understand to be the true doctrine established by an unbroken line of authorities, unless it may be

said to have been shaken by the case of *Sanford* v. *Sanford*, (45 N. Y., 723), where the language of Judge PECKHAM (at page 726) is as follows : " taking this note in the name of himself and wife, shows that the husband intended to give it to her in case she survived him, and the delivery to her was necessary to perfect the gift," which taken in its broadest signification seems to me to run directly counter to all settled notions of the law in respect to such gifts, and seems not to have been fortified by the learned Judge who delivered that opinion, by any authority.

It is with very great reluctance that I venture to question the force and effect of that decision, and yet considering that that case was the reversal of a judgment entered upon the report of a referee, in favor of the validity of a gift, upon exceptions to the rejection of testimony, and that it seems to run counter to the settled law upon the subject without a review of any of the former decisions, and as it differs somewhat widely in its facts from this case submitted for my determination, I think it my duty to hold according to the general line of authorities, that the deposit of the money in the Excelsior Savings Bank in the name of Richard or Kate Ward was not intended as a gift to the wife; and in this conclusion I am fortified by the absence of proof that the bank book was ever out of the possession of the intestate, or in the possession of the administratrix, until after his decease.

Let a decree in conformity with this decision be entered.

Decree accordingly.