### ELIJAH HALE *vs.* EDWIN RICE.

Middlesex.    Jan. 12.—16, 1877.    COLT & AMES, JJ., absent.
                Jan. 18, 1877.—Mar. 7, 1878. · MORTON & ENDICOTT, JJ.,
                                absent.

A bill of exceptions, filed and presented to the judge during the term of the Superior Court at which the verdict was rendered, and, the case being continued *nisi*, restored by him at a subsequent term to the files of the court, with his certificate of "allowed" thereon, and thereupon entered in this court, will not be dismissed on motion of the adverse party at a subsequent term of this court, on the grounds that he did not consent to the extension of the time of filing the exceptions, that he had no notice that they had been filed, and that they were not restored to the files of the court within the time nor with the certificate required by the Gen. Sts. *c.* 115, § 8.

In an action on a promissory note, the issue was whether the note had been given, as the plaintiff contended, in satisfaction of a debt due the plaintiff from a firm of which the defendant was a member, or whether, as the defendant contended, the note was given for a different consideration, which had failed. On cross-examination of the plaintiff, he admitted that he had given up, to the other members of the firm, certain notes signed by them, and had taken from them certain bonds, whereby they agreed to pay him interest during his lifetime, and identified the bonds. The defendant then offered the bonds in evidence, and they were admitted against the plaintiff's objection. *Held,* that he had no ground of exception.

If a promissory note, payable to the order of A., is given by him to the maker, it is not essential to the validity of the gift that the payee should indorse it.

If a debt is voluntarily released by the creditor, a subsequent promise to pay it made by the debtor is without consideration.

CONTRACT on three promissory notes, two for $3000 each, and the third for $1940, all dated January 1, 1868, payable to the order of the plaintiff, and purporting to be signed by the defendant. Each note was indorsed, "Interest paid to July 1, 1872." Writ dated April 1, 1874.

At the trial in the Superior Court, before *Brigham*, C. J., the jury returned a verdict for the defendant; and the plaintiff tendered a bill of exceptions, in substance as follows:

The defendant admitted that he made the notes in suit, together with another of the same tenor for three thousand dollars, and that he wrote the indorsement above mentioned on each of them.

It appeared that the plaintiff for several years had had dealings with the firm of F. & F. Rice & Co., of Boston, which dealings ceased on July 1, 1872, at which time the firm was indebted to the plaintiff in the sum of twelve thousand dollars. The plaintiff introduced evidence tending to show that the notes in suit were made and delivered to him by the defendant in October, 1872, at the time when the defendant made a reconveyance of certain real and personal property to the plaintiff, (which had, earlier in 1872, been conveyed to the defendant by the plaintiff, the same being the plaintiff's homestead estate, and the furniture, &c., at the same,) and that the plaintiff and defendant accounted together as to the indebtedness of the one to the other in payment of the balance of the firm's indebtedness to the plaintiff, a part of the same having previously been paid by the defendant, and that interest had been paid on the notes according to their tenor, up to and including January 1, 1872.

The defendant introduced evidence tending to show that the notes in suit were made and delivered by him to the plaintiff about the time (September, 1872) the plaintiff made and delivered to the defendant a valid conveyance of certain real and personal property, heretofore mentioned, and possession thereof, without any consideration therefor; that the plaintiff asked the defendant then to make the notes in suit and deliver them to the plaintiff, so he could show them to prove he had not given away his place, and that thereupon the defendant did make the notes in suit and deliver them to the plaintiff; that in October, 1872, as the result of various conversations between the plaintiff and

the defendant, the defendant reconveyed said real and personal property as hereinbefore mentioned; and that at the same time the plaintiff said to the defendant that he would deliver the notes to him, but that they were then mislaid and he could not find them.

The defendant also introduced evidence tending to show that the firm's indebtedness was settled by the firm making and delivering to the plaintiff, on July 1, 1870, four notes of that date for three thousand dollars each, payable to the order of the plaintiff; that the plaintiff had these notes in his possession from that date until April 6, 1871, when the plaintiff, at his homestead in Stowe, in this Commonwealth, handed them to the defendant voluntarily as a gift, the plaintiff saying at the time he wished the defendant to pay the plaintiff interest on the same until the plaintiff's death; that the defendant took them, has held them since, and did pay interest on them up to and including January 1, 1874, but has paid no interest, nor offered to, on them since. The defendant produced these notes of July 1, 1870, at the trial, and it appeared that they were in the handwriting of the defendant; that neither of them had been indorsed, or in any way assigned, by the plaintiff at any time.

The plaintiff introduced evidence tending to show that these notes of July 1, 1870, if ever made as alleged by the defendant, had never been in the plaintiff's possession, but in the possession of the defendant ever since they were made. The plaintiff testified that when Freeman and Franklin Rice died the firm owed him twelve thousand dollars; that he never had the firm's notes in his possession, but they were kept at Boston by the firm for him; that he never gave them to the defendant, and denied the conversation testified to by the defendant and his wife in relation to the gift of those notes to the defendant. On cross-examination, he admitted that an indorsement of interest upon the firm notes was in his handwriting; that he made a gift by deed of land to George, one of his nephews, and took back an obligation to pay interest; that he had given up the notes of Freeman and Franklin Rice, taking back an obligation for the payment of interest; and the notes and obligations, being produced by the defendant, were identified by the plaintiff as the originals. The defendant then offered certain instruments in evidence, which

were objected to by the plaintiff, but they were admitted by the judge, subject to the plaintiff's exception. Each of these instruments was a bond, executed to Elijah Hale by Franklin Rice and Freeman Rice, in the sum of $4000, dated January 1, 1849. The condition of each recited that Hale had given up to the obligors two notes of hand of $2000 each, the interest being paid up to date, and stated that if the obligors should jointly and severally pay to the obligee, during his lifetime, $120 every six months, the obligation should be void; otherwise, to remain in full force.

It appeared that the Franklin Rice and Freeman Rice named in said paper were brothers of the defendant, and that all of them were nephews of the deceased wife of the plaintiff.

The plaintiff requested the judge to instruct the jury as follows: "If the jury find that the notes dated July 1, 1870, they being payable to the order of the plaintiff, were handed to the defendant by the plaintiff, and that the defendant took them into his possession, but that the plaintiff did not then, or at a later time, indorse, or in any way assign said notes, then the gift was not perfect." The judge refused to so instruct the jury, but did instruct them that the facts that the notes alleged to be bestowed upon the defendant by the plaintiff as a gift were payable to the plaintiff's order, and did not appear to have been indorsed by him, or assigned in writing to the defendant, were not conclusive evidence that they were not bestowed on the defendant as a gift, neither was such indorsement or assignment an act essential to constitute a gift of such notes, although facts which might be considered by the jury in determining whether there was a gift of these notes, as alleged by the defendant, or whether such formal acts would have been natural and probable between the parties. To this refusal and ruling by the judge the plaintiff excepted.

The defendant requested the judge to instruct the jury " that if the jury find that the Franklin and Freeman Rice notes of July 1, 1870, were given to the defendant, as testified to by him, and if they also find that the notes in suit were given for the same debt, or as evidence of a renewal of the old liability once discharged, then the notes in suit were without consideration." The court gave the instruction, and the plaintiff excepted.

The jury found for the defendant, and the plaintiff, being aggrieved by said rulings, instructions and refusals to rule and instruct, asks that his exceptions may be allowed.

On January 14, 1876, *Brigham*, C. J., overruled a motion to set aside the verdict, and made and signed upon the bill of exceptions a certificate consisting of the single word " Allowed," and restored the exceptions to the files of the Superior Court. On the same day, the exceptions were entered in this court, and were afterwards continued to this term.

On January 9, 1877, the defendant moved this court to dismiss the exceptions, for the following reasons :

1. Because the time for filing the exceptions was extended for a longer time than the statute allows, without the consent of the adverse party, and no such consent was given.

2. Because no notice was given to the defendant that the exceptions had been filed.

3. Because the exceptions were not returned to the files of the court within the time required by the Gen. Sts. *c.* 115, § 8. Nor were they entered at any time subsequently, with any certificate of the judge required by said section.

The entries upon the docket of the Superior Court of March term 1875 were as follows: " 1875. March term. April 13th. Verdict for defendant ; time .for filing exceptions extended to April 20th. April 17. Motion to set aside verdict. April 20. Time for filing exceptions extended to May 1. May 1. Plaintiff's exceptions filed. May 24. Continued *nisi* for motion and exceptions."

*C. R. Train & J. O. Teele*, in support of the motion.

*E. Whitney & W. B. Gale*, contra.

GRAY, C. J. It is not denied that the exceptions were filed and presented to the judge during the term at which the verdict was rendered, and that the case was continued *nisi* by order of the court. The case is thus distinguished from *Barstow* v. *Marsh*, 4 Gray, 165, *Commonwealth* v. *Greenlaw*, 119 Mass. 208, and *Müller* v. *Ehlers*, 91 U. S. 249.

The objections, that it does not appear that the defendant consented to the extension of the time for filing the exceptions, and that he had no notice that they had been filed, were, like any matter of consent of or notice to the party, and not otherwise

affecting the jurisdiction of the court, objections which he might waive, and, having neither been suggested in the court below, nor been assigned in this court, by way of motion to dismiss, at the term at which the exceptions were entered here, must be deemed to have been waived. In *Doherty* v. *Lincoln*, 114 Mass. 362, and *Conway* v. *Callahan*, 121 Mass. 165, objections of this nature were taken at the first term of this court.

The only other ground assigned for the motion to dismiss the bill of exceptions is the non-compliance with the Gen. Sts. *c.* 115, § 8, which provides that " the exceptions shall be restored to the files of the court within five days after the same are presented to the judge, with a certificate under his hand either allowing or disallowing the same, unless the judge finds that further time is necessary for the examination or hearing upon the same, not exceeding ten days, unless for reasons rendering more delay necessary, which shall be certified by the judge on restoring the papers." This objection goes to the form of the judge's certificate, which was not within the control of either party; and, being an objection in matter of form only, must also be deemed to be waived by not taking it at the first term. Indeed, it may well be doubted whether this provision of the statute is not merely directory to the judge, and whether his omission to comply with it would afford a sufficient ground for dismissing the exceptions at any stage of the case.

*Motion overruled.*

The case was then argued on the bill of exceptions by the same counsel.

LORD, J. The first objection relied upon by the plaintiff is the admission of the bonds signed by Franklin and Freeman Rice. The ground of objection is that the gift of certain notes to brothers of the defendant had no tendency to prove that the defendant did not owe the notes declared upon in the writ. If this objection were sustained by the facts reported in the bill of exceptions it would be a grave one. But such is not the case. The defendant and his two brothers had evidently been partners in business, and extensive transactions had been had between that firm and the plaintiff; and the plaintiff testified that the notes in suit had been given by the defendant in adjusting the

balance of account between the firm and the plaintiff. On the cross-examination of the plaintiff, he testified to transactions with the other members of the firm in relation to their indebtedness; that he had given up notes to them, upon their agreement to pay interest thereupon during the plaintiff's life, and that the two papers which were produced were the agreements to which they had come. Up to this point, no objection had been made to the line of cross-examination, nor to the facts thus testified to; but, when the defendant's counsel proposed to read the papers, the plaintiff's counsel objected, and the presiding judge allowed them to be read. The only possible objection to the bonds at that time and under such circumstances, they being in exact accordance with the plaintiff's testimony as to their purpose and contents of them, is their immateriality. They showed no fact which the plaintiff had not before without objection testified to. In such condition of the evidence, it certainly cannot be a ground for granting the plaintiff a new trial that the papers were allowed to be read, being thus merely a repetition in writing of what the plaintiff had testified, and which he had testified had been reduced to writing and that the bonds produced were such writings. But, if the evidence had been seasonably objected to, that and the papers were clearly competent. The plaintiff testified that the notes of the defendant sued upon were given in settlement of the balance of the debt of the partnership. The evidence and the papers tended to show that the firm indebtedness was not thus settled, but was arranged in a mode entirely different.

The only other objection taken at the argument was to the instruction given by the court at the request of the defendant. So far as appears by the bill of exceptions, this instruction was a mere abstract and speculative proposition not called for by any facts in the case. The plaintiff testified that the notes were given in settlement and adjustment of a balance of the firm's indebtedness to him. The defendant testified that the notes were given in order to appear to show that there was a consideration for the conveyance of certain real and personal property made by the plaintiff to him, and that subsequently to such conveyance he reconveyed all the property to the plaintiff, and that the plaintiff agreed to return the notes to him, but that they were

then mislaid and that he could not find them. It does not appear that any other origin of said notes was suggested at the trial. But, whether regarded as a speculative or as a practical proposition, the ruling was right in law, for, if a debt is discharged by the voluntary act of the party, there remains no obligation which can be deemed a consideration for a promise.

But the plaintiff's counsel now objects that, if the notes had been given by the plaintiff to the defendant, the gift was conditional, and the defendant had failed to perform the condition, and therefore the gift was void. No such question was raised at the trial, nor was the attention of the presiding judge called to any such question. The bill of exceptions does not show that there was any testimony from any source that the plaintiff required interest to be paid upon the notes in suit. The interest which was to be paid was interest upon the notes of $12,000 made by the firm, and delivered, according to the defendant's testimony, by the plaintiff to the defendant, and retained by him. There is nothing in the bill of exceptions to show that at any time any claim was made that the notes in suit were given because there had been a failure to pay interest, either upon the notes of the firm or of the defendant. If there had been any grounds for such a supposition, the question should have been raised at the trial, and is not now open.

The only remaining suggestion of the plaintiff is that " where a legal liability once existed which had ceased, and a moral obligation remained, an after promise to pay is upon good consideration." If by such suggestion it is meant that a debt discharged by the voluntary act of the creditor leaves a moral obligation, which is a sufficient consideration for a new promise, as already stated, we do not understand such to be the law; if, however, nothing more is intended than the suggestion of the familiar rule, that a remedy or right barred by the operation of law is a good consideration for a new promise, the obvious reply is that no such question was made or ruled upon at the trial, nor do the facts raise any such question. *Exceptions overruled.*