# SUPREME COURT.

JOHN B. JOHNSON agt. CATHARINE WILLIAMS, executrix, and others.

*Assignment of claim in expectancy — When valid — What evidence admissible to explain a written instrument — When parol evidence admissible.*

An assignment of demands having at the time no actual existence, but which rests in expectancy merely, is valid in equity as an agreement, and takes effect as an assignment where the demands intended to be assigned are subsequently brought into existence.

Where the evidence showed that one P. W. died in March, 1880, leaving a will, the eighth clause of which read as follows: " I give and bequeath to my nephew W. W., son of my brother I. W., deceased, fifty shares of the capital stock of the Third Avenue Railroad Company of the city of New York, or so much or such portion thereof as I may own or be possessed of at the time of my decease." W. W., the legatee above named, died intestate May 10, 1880, having previously executed and delivered to the plaintiff an instrument in writing as follows: " I, W. W., of Orange county, of the state of Florida, now at present residing at No. 53 East One Hundred and Twelfth street, of the city of New York, do give and bequeath to my friend John B. Johnson, in return for all kindness and attention I received from him in this my last sickness, all the Third avenue railroad stock, fifty shares, the same that was bequeathed to me by my uncle P. W., now deceased, and request that my aunt, C. W., see that the same is paid over to him as soon as practicable after my death; this being my dying request: "

*Held,* that although, independent of the instrument, the testimony established the fact that it was the intention of W. W. to give the stock to the plaintiff, yet the transaction cannot be upheld as a gift either *inter vivos* or *donatio mortis causa.*

*Held,* also, that the evidence will not support a declaration of trust, but the plaintiff may recover upon the instrument as a valid assignment.

Although the language employed is that ordinarily used in testamentary disposition of property, yet the intention of the author of the instrument may be sought for by extrinsic evidence of all the surrounding circumstances which may aid in its interpretation.

In this and like cases parol evidence is admissible, not to vary or contradict but to explain the contract.

*Special Term, May,* 1882.

Johnson agt. Williams.

*Levi A. Fuller* and *L. Gross*, for plaintiff.

*J. H. Hayward* and *Isaac L. Egbert*, for defendants.

LARREMORE, *J.*— It is shown by the evidence that one Peter Williams died in the city of New York, in March, 1880, leaving a will which contained, among others, the following bequest:

"*Eighthly.* I give and bequeath to my nephew, William Williams, son of my brother Isaac Williams, deceased, fifty (50) shares of the capital stock of the Third Avenue Railroad Company of the city of New York, or so much or such portion thereof as I may own or be possessed of at the time of my decease."

William Williams, the legatee above-named, died intestate May 10, 1880, having previously executed and delivered to the plaintiff an instrument in writing as follows:

"I, William Williams, of Orange county, of the state of Florida, now at present residing at No. 53 East One Hundred and Twelfth street, of the city of New York, do give and bequeath to my friend John B. Johnson, in return for all kindness and attention I received from him in this, my last sickness, all the Third Avenue Railroad stock — 50 shares — the same that was bequeathed to me by my uncle Peter Williams, now deceased, and request that my aunt Catharine Williams see that the same is paid over to him as soon as practicable after my death; this being my dying request.

"In witness whereof I have hereunto set my hand and seal this 7th day of May, 1880.

" WILLIAM WILLIAMS. [ L. S. ]

"EDMUND ROBESON, 122 East One Hundred and Fourteenth street.

"SAMUEL H. GOODENOUGH, No. 200 East One Hundred and Twenty-fourth street."

The testator above-mentioned owned the said fifty shares of stock at the time of his death, and, upon the probate of his

will, May 27, 1880, the defendant, as his executrix, took possession thereof, and now holds the same in opposition to plaintiff's claim, the nature and extent of which is now submitted for adjudication.

Independent of the instrument of May 7, 1880, the testimony established the fact that it was the intention of William Williams to give this stock to the plaintiff; but the transaction cannot be upheld as a gift, either *inter vivos* or *donatio mortis causa*.

There was not, and could not have been, any delivery of the stock, of which the alleged donor had either actual or constructive possession at the time (*Harris* agt. *Clark*, 3 *N. Y.*, 113; *Bedell* agt. *Carll*, 33 *N. Y.*, 585; *Young* agt. *Young*, 80 *N. Y.*, 422).

The evidence will not support a declaration of trust, as in *Martin* agt. *Funk* (75 *N. Y.*, 134), and the plaintiff must recover, if at all, upon the instrument in question as a valid assignment. The language employed is that ordinarily used in testamentary disposition of property, but the intention of the author of the instrument may be sought for by extrinsic evidence of all the surrounding circumstances which may aid in its interpretation (*Knapp* agt. *Warner*, 57 *N. Y.*, 66). It was prepared by a layman who failed to use apt words of present transfer, but, as has been observed, the intention to assign for the consideration expressed is fully sustained by the proof.

The plaintiff was a trusted friend of the deceased, who desired to make recompense "for all kindness and attention" received during his last sickness. No proof was offered of undue influence, and the intention of the author of the instrument must control its phraseology *ut res magis valeat, quam pereat*.

In this and like cases parol evidence is admissible not to vary or contradict, but to explain the contract (2 *Parsons on Contracts*, 549, 533).

*Field* agt. *The Mayor* (6 *N. Y.*, 187) is an authority for the assignment of a claim in expectancy, and, as the rights of

creditors have not intervened, I think upon the whole testimony that the plaintiff should have the relief sought.

Judgment is, therefore, rendered in his favor, but without costs.