By the Court.
Freedman, J.
The action was brought on two promissory notes, one for $275, and one for $250, both made by defendant Muchmore and both indorsed by defendant Corbett.
*106 The complaint alleges : That the plaintiff and one T. Mortimer Seaver are copartners in business, and engaged in loaning money for national banks, including the Importers’ and Traders’ National Bank of the City of New York; that about August 19, 1880, defendant Muchmore, with full knowledge of the business of said firm, applied to them for the purpose of obtaining through them a loan of $500, and that at the request of Muchmore the firm did obtain the loan of $500, and that the defendants agreed to pay Seaver & Dean such interest as the bank should charge, together with a brokerage for their services ; that the defendants delivered to Seaver & Dean as such agents the two promissory notes upon which to procure the loan ; that thereafter the plaintiff purchased the notes from the bank, and that the two notes were protested for nonpayment.
The defendants, answering separately, deny specifically every allegation in the complaint except the making, indorsement, and non-payment of the notes, and set up the following affirmative defense : 1st. That the indorsement of defendant Corbett was without consideration ; and 2d, That the defendant Muchmore negotiated the discount of the notes with said Seaver & Dean upon a usurious agreement, to wit, That the said Seaver & Dean demanded and received from Muchmore $25 for discounting the notes, which was interest at the rate of 16 per cent, per annum.
Upon the trial the plaintiff offered in evidence the notes, and rested. Defendants moved for a dismissal; this was denied, and defendants excepted.
In arguing in support of this exception, the counsel for the defendants concedes that, the making, indorsement and non-payment of the notes having been admitted by the answer, the plaintiff, by producing and offering the notes made out a prima facie cause of action, but he insists that it was not the cause of action averred in the complaint, and that for this reason the defendants were entitled to a dismissal of the complaint. In the supplemental points handed up by him, the counsel states the *107 point he desires to make, as follows: “The appellant’s contention is not that he was misled by the proof offered, nor that one cause of action was alleged and two causes proven. The appellant’s contention is that the plaintiff’s complaint was unproven in its entire scope and meaning, although another and entirely different cause of .action was fully proven. ”
In this the counsel is clearly mistaken. The complaint did not remain unproven in its entire scope and meaning, nor was it a case of variance. By the course pursued the plaintiff proved a prima facie case within the allegations of the complaint. He then rested to see what the defendants would make out by way of affirmative defense, and reserved the balance of his proof for purposes of rebuttal. This is done quite frequently and the practice is not open to objection, so long as the defendant is not misled or surprised thereby.
Thus, in Bedell v. Carll (33 N. Y. 581), in which case the making of the note by the maker and its non-payment were admitted by the pleadings, the plaintiff produced the note at the trial, proved the indorsement of her father, from whom she had obtained it, and then rested. The court of appeals held : “ This was enough. The possession of the note at the trial, indorsed in blank by the payee, was prima facie evidence of title, and certainly, to enable the plaintiff to' recover, she was not required to show affirmatively the way in which she became the owner. It is true, she alleged in her complaint that she acquired the title by gift ; but this allegation was unnecessary, and did not cast on her the burden of proving it, or repel the presumption of ownership arising from her possession of the note. In this view of the case, as no evidence was offered to sustain any defense, and the plaintiff had made out her case, prima facie, the judge was right in directing a verdict in her favor. ”
H it were necessary, a long line of similar decisions could be cited.
So it is now firmly established that where a complaint *108 alleges a conversion in such a way as to set forth at the same time sufficient facts showing an action on contract, the plaintiff, on failing to prove the conversion, may waive the tort and fall back upon the remaining allegations, and, upon proving them, recover upon contract.
There are also a large number of cases in which it was distinctly held that, where the complaint sets forth facts which make out a cause of action, ex contractu, the presence of averments of fraud in the complaint does not necessarily make the action one ex delicto.
But there is no necessity for multiplying citations, especially as not a single case has been cited, which on examination will be found to hold a contrary doctrine. The defendants in the case at bar were not misled or surprised, as they concede, nor did they refrain from giving evidence. Upon the denial of the motion for a dismissal of the complaint, they proved all they could prove, and then the plaintiff, in rebuttal, adduced proof in support of all the allegations of the complaint. Thus the question was squarely and sharply litigated whether Seaver & Dean purchased the notes from the defendant Muchmore for their own account, as claimed by the defendants, in which case the defendants were entitled to a verdict, or whether Seaver & Dean acted as brokers for the Importers’ and Traders’ National Bank, as the plaintiff claimed, in which case the plaintiff was entitled to recover.
In such a case, the authorities even go to the extent of holding that a judgment will not be reversed for the refusal to grant a non-suit, though the plaintiff had at the time failed to prove his case, if the necessary evidence was supplied afterwards by either party (Schenectady & Saratoga P. R. Co. v. Thatcher, 11 N. Y. 102 ; Kent v. Harcourt, 33 Barb. 491 ; Colvin v. Burnet, 2 Hill, 620 ; Hearsey v. Pruyn, 7 Johns. 179).
In no aspect of the case, therefore, can the exception taken by the defendants to the refusal to dismiss the complaint be sustained.
The exception taken to the denial of the motion to di *109 reofc a verdict for the defendants is equally untenable. At that time the case presented a conflict of testimony upon the main question in dispute, which could only be determined by the jury.
The exceptions to the admission of evidence are without any merit whatever.
The questions in dispute were fully and fairly submitted to the jury under a charge that carefully guarded all the rights which the defendants, or either of them, had. A thorough examination, made by me, of the exceptions taken to the charge as delivered, and to the refusals to charge as requested, failed to disclose any tangible ground for reversal. Upon the whole case the verdict of the jury ought not to be disturbed.
Defendants’ motion upon the judge’s minutes for a new trial was properly denied. .
The judgment and order appealed from should be affimed, with costs.
Sedgwick, Oh. J., and Van Vorst, J., concurred.