# PROVIDENCE COUNTY.

HENRY R. HOPKINS, Executor, *vs.* HENRY MANCHESTER *et ux.*

A. gave to his daughter, without indorsement, a note payable to himself or order.
*Held,* a good gift *inter vivos.* By such a gift the beneficial interest in the note passes to the donee, who may collect and keep the money due, or for his own use sue on the note in the name of the payee, the donor.
The Rhode Island statute allowing parties to an action to testify on their own offer does not extend to cases in which an executor or administrator is on one side and the party offering to testify is on the other, unless the cause of action is a contract originally made with a person still living and competent to testify, or the testimony offered relates to matters occurring after the death of the testator or intestate.

EXCEPTIONS to the Court of Common Pleas.

*December* 26, 1889.    PER CURIAM.    The plaintiff, as executor

of the last will and testament of Robert S. W. Hopkins, sues the defendants in trover for the conversion, by the female defendant, of a negotiable promissory note which belonged to the testator. in his lifetime. The note was payable to the testator, or order, and was put by him, without indorsement, into the possession of the female defendant, who was his daughter. The plaintiff, after his appointment as executor, demanded it of her, and she refused to give it up, claiming that her father had given it to her to keep as her own. On trial in the Court of Common Pleas, after testimony had been put in on both sides, the court ruled that such a note would not pass by delivery, without indorsement, as a gift *inter vivos*, though it might as a gift *causâ mortis*, and directed a verdict for the plaintiff. The defendants excepted, and have petitioned this court for a new trial. We think the court below erred. The modern cases hold that such a note, or at least the beneficial interest in such a note, will pass by gift, without indorsement, so as to entitle the donee to collect the money due on it for himself, and, if need be, to sue on it for himself, in the name of the donor, or of the donor's legal representative. We do not find that the cases distinguish in this respect between gifts *inter vivos* and gifts *causâ mortis*, though it may be that, in a doubtful case, the jury would regard the want of an indorsement with more suspicion if the gift were *inter vivos* than if it were *causâ mortis*. We refer for our authority to the following cases: *Snellgrove* v. *Baily*, 3 Atk. 214; *Duffield* v. *Elwes*, 1 Bligh N. S. 497; *Roberts* v. *Roberts*, 15 W. R. 117; *Grover* v. *Grover*, 24 Pick. 261; *Sessions* v. *Moseley*, 4 Cush. 87; *Bates* v. *Kempton*, 7 Gray, 382; *Hale* v. *Rice*, 124 Mass. 292; *Brown* v. *Brown*, 18 Conn. 410; *Bedell* v. *Carll*, 33 N. Y. 581; *Westerlo* v. *De Witt*, 36 N. Y. 340; *Young* v. *Young*, 80 N. Y. 422, 430; *Crittenden* v. *Phœnix Life Ins. Co.* 41 Mich. 442; *Elam* v. *Keen*, 4 Leigh, 333. And see note by John T. Kelly to *Flanders* v. *Blandy*, 26 Amer. Law Register, N. S. 590, 591.

In the course of the trial the female defendant offered herself as a witness to testify to declarations made by the testator in regard to the note. The testimony was objected to and ruled out, the defendants excepting to the ruling. The defendants contend that the testimony should have been admitted, because the action is for a conversion committed, not in the lifetime of the testator, but

since his decease. We think the ruling was right. Our statute enabling parties to testify on their own offer does not extend to cases where an executor or administrator is on one side and the party offering to testify is on the other, except where the cause of action is a contract originally made with a person still living and competent to testify, or where the testimony offered relates to matters occurring after the death of the testator or intestate. The second exception is, therefore, overruled. The third exception is also overruled. The first exception is sustained, and the case remitted to the Court of Common Pleas for a new trial.

*Charles H. Page & Franklin P. Owen*, for plaintiff.
*Dexter B. Potter*, for defendant.