## CALLAHAN v. FOREST.

(Supreme Court, Special Term, Erie County. January, 1909.)

1. GIFTS (§ 66*)—CAUSA MORTIS—BANK DEPOSIT.

Deceased, having been advised by his physician that he was seriously ill and would ultimately die from the disease, called plaintiff and handed her his purse, containing a certificate of deposit, saying: "Here is my purse. Take it. If anything happens to me, I want you to keep it. * * * In case I get well, I shall want it back," etc. About an hour later he died. *Held* a gift causa mortis.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 136; Dec. Dig. § 66.*]

2. GIFTS (§ 66*)—CAUSA MORTIS—CERTIFICATE OF DEPOSIT—INDORSEMENT—NECESSITY.

Indorsement of a certificate of deposit payable only when properly indorsed is not necessary for a gift causa mortis.

[Ed. Note.—For other cases, see Gifts, Cent. Dig. § 136; Dec. Dig. § 66.*]

Action by Mary Callahan against Samuel E. Forest, as administrator, etc. Judgment for plaintiff.

Walker & Johnson, for plaintiff.
W. D. Olmsted, for defendant.

WHEELER, J. The evidence discloses that the plaintiff was the sister of Nicholas Arent, the deceased; that he was an unmarried man of some property, and for a year or more prior to his death had made his home with the plaintiff. He had declared his intention, on several occasions before his death, of making some provision for this sister. On the 27th day of January, 1908, he was taken seriously ill with neuralgia of the heart, more technically known as angina pectoris. His physician had advised him of the serious nature of his disease, and told him that, while he might temporarily get better, he would never recover, and would ultimately die from the disease. He remained seriously ill. About an hour prior to his death he was sitting in his chair. His sister and her daughter were in the room. He took his pocketbook from his pocket, and handed it to his sister, the plaintiff, saying in substance:

"Here is my purse. Take it. If anything happens to me, I want you to keep it, and not let your sister have any of it. In case I get well, I shall want it back, so I may build my house with it on my farm in South Dakota."

The plaintiff took the purse and in it was the certificate of $300 in suit, issued by the Citizens' Bank of Perry, N. Y., to the order of the intestate, and also other certificates issued by other banks. These certificates were not indorsed by the intestate. The intestate was in the possession of all his faculties, but died about an hour after this transaction.

We think the evidence made out a good case of a gift causa mortis, and that the plaintiff thereby acquired a perfect title to the certificate of deposit and to the moneys represented by it. The three elements of a gift causa mortis were present in the transaction, viz.: A delivery

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

of the thing given. It was made with a view of the donor's impending death, and the donor died of the disease from which he was suffering. Grymes v. Hene, 49 N. Y. 17, 10 Am. Rep. 313; Champney v. Blanchard, 39 N. Y. 111; Ridden v. Thrall, 125 N. Y. 572, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. Rep. 758; O'Brien v. Elmira Savings Bank, 99 App. Div. 79, 91 N. Y. Supp. 364.

It is urged, however, on the part of the defendant, that the gift was not complete because the certificate of deposit was not indorsed by the intestate, and by its terms it was only payable when "properly indorsed." This provision in the certificate was inserted primarily for the protection of the bank in making payment, and not for the purpose of limiting the right of the holder of the certificate to transfer title to it by assignment or gift. For the purposes of a valid gift causa mortis, an indorsement of the certificate was not necessary. This is specifically held in the case of Westerlo v. DeWitt, 36 N. Y. 340, 93 Am. Dec. 517, citing Duffield v. Elles, 1 Bligh (N. S.) 497, 542; Brown v. Brown, 18 Conn. 410, 46 Am. Dec. 328; Bedell v. Carll, 33 N. Y. 581. It is followed in Ridden v. Thrall, 125 N. Y. 577, 26 N. E. 627, 11 L. R. A. 684, 21 Am. St. Rep. 758, where numerous other authorities are given.

In view of these well-established rules, this court can reach but one conclusion, viz., that the plaintiff is entitled to recover. Let judgment be entered accordingly, with costs of this action.