ISAAC FRANK & another, petitioners.

Suffolk. November 11, 1912. — November 27, 1912.

Present: RUGG, C. J., HAMMOND, LORING, BRALEY, & SHELDON, JJ.

*Practice, Civil,* Exceptions. *Rules of Court.*

Under St. 1911, c. 212, § 2, where the judge who presided at a trial, upon a motion made more than three months after the filing of exceptions which have not been presented for allowance, orders that the exceptions be dismissed and that judgment be entered in the same manner as if no exceptions had been filed, on the ground that the exceptions were not presented to the court for allowance within such time as the court finds to be reasonable, the determination by the judge that there has been unreasonable delay is final and is not open to revision.

Rule 64 of the Superior Court, regulating the practice under St. 1911, c. 212, § 2, and providing that, where exceptions have remained without any action thereon for three months after filing, the clerk shall notify the parties, and that, if such exceptions are not presented for allowance within thirty days thereafter, they shall be dismissed as of course unless an order is made extending the time for hearing and allowance, does not prevent the granting of a motion to dismiss such exceptions, which was filed after the expiration of the three months but before thirty days thereafter had elapsed, upon the decision of the trial judge that the delay in the presentation of the exceptions for allowance was unreasonable.

RUGG, C. J. This is a petition to establish the truth of exceptions. The defendants seasonably filed exceptions, and on the seventeenth day of February, 1912, the plaintiff moved to dismiss

them, alleging that the defendants had "failed for an unreasonable length of time to present . . . said exceptions for allowance." After a hearing, the judge of the Superior Court* found that "upon the circumstances disclosed at the hearing of the motion, the case comes within the spirit and letter of the St. of 1911, c. 212, § 2. The exceptions were filed November 1, 1911. They were not presented to the court for allowance within such time as the court finds reasonable under the circumstances. . . . No good reason appears why the appellants should have further time to draft an amended bill of exceptions." Thereupon the exceptions were dismissed, and judgment was entered upon the verdict as if no exceptions had been alleged and filed.

St. 1911, c. 212, makes important changes in the practice respecting the allowance of exceptions. It provides that after exceptions have been filed, either party may present them to the presiding judge for examination and hearing as to conformability to truth. If the excepting party does not so present them within such time as the court deems reasonable, the court may order them dismissed and enter judgment as if no exceptions had been filed, but such action cannot be taken sooner than three months after the date of their filing. The determination by the presiding judge of the question whether there has been unreasonable delay on the part of the excepting party in presenting and pressing the exceptions for allowance is final. His decision is not open to review. There is nothing inconsistent with this result in Rule 64 of the Superior Court, adopted January 6, 1912, to regulate the practice under St. 1911, c. 212. The effect of that rule is that after exceptions have remained for three months without action they will be dismissed as matter of course at the end of thirty days more, unless special order to the contrary is made. It provides for an automatic dismissal of exceptions in cases falling within its terms. It is a determination that commonly thirty days in addition to the three months required by the statute is a reasonable time within which to present exceptions to the court. The rule does not prevent the filing of a motion for the dismissal of the exceptions after the expiration of the three months and before thirty days have elapsed, nor does it deprive the court of the power of deciding what may be a reasonable time in particular instances.

* *King*, J.

There is an allegation in the petition, in substance, that the exceptions were presented to the presiding judge, and were not restored to the files with a certificate allowing or disallowing them. R. L. c. 173, § 107. If this allegation means anything more than that the clerk presented the exceptions to the court according to the practice before the enactment of St. 1911, c. 212, this fact was found against the petitioner by the judge of the Superior Court, as appears by his certificate. Such decision cannot be revised. Although the statute makes important changes, apparently it was passed for the purpose of preventing the unreasonable delays in pressing exceptions for allowance illustrated in *Meehan, petitioner*, 208 Mass. 60, and to extend the power of courts to prevent appeals or exceptions from becoming instruments of unjust delay. See R. L. c. 173, § 115; *Daly* v. *Foss*, 209 Mass. 470. It must be interpreted in such manner as to effectuate this purpose.

*Petition dismissed.*

*J. H. Blanchard,* for the petitioners.
*S. L. Bailen,* for the respondent.