BATH IRON WORKS, LIMITED, *vs.* BERTRAM E. SAVAGE.

Essex.`  December 5, 1927. — January 5, 1928.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Practice, Civil*, Exceptions: allowance and establishment. Common Law Rule 53 of the Superior Court (1923). *Rules of Court. Clerk of Courts.*

Common Law Rule 53 of the Superior Court (1923) is valid.

The mere presentation to a judge of the Superior Court for allowance of a bill of exceptions within three months after its filing does not prevent the operation of Common Law Rule 53 of the Superior Court (1923): the words of that rule, "remained without action thereon for three months," mean "without action by the judge."

A failure of a clerk of the Superior Court to send the notices required to be sent by him "forthwith" under Common Law Rule 53 of the Superior Court (1923) until eight days have elapsed does not suspend the operation of the rule.

A motion that judgment be entered notwithstanding pending exceptions after the lapse, without action by the judge, of the time stated in Common Law Rule 53 of the Superior Court (1923), is permissible practice although in some circumstances exceptions may be dismissed automatically under the rule.

CONTRACT.    Writ dated December 31, 1924.

Proceedings in the Superior Court under Common Law Rule 53 (1923) are described in the opinion. Rulings requested by the defendant and denied by *Quinn*, J., at the hearing on the motion for judgment under that rule, were as follows:

"1. The defendant's exceptions heretofore filed are still pending and have been neither dismissed nor disallowed.

"2. If the defendant's exceptions were dismissed as of course not later than August 1, 1927, the plaintiff's motion for judgment cannot properly be entertained by the court.

"3. The defendant presented his exceptions to the court within a reasonable time after the filing thereof, and no order properly could have been made, or was made, under G. L. c. 231, § 114, dismissing the said exceptions.

"4. The defendant's bill of exceptions has not come within the operation of Rule 53 of the Common Law Rules of this court.

"5. The notification to the parties interested prescribed in Rule 53 of the Common Law Rules of this court could not properly have been given to the defendant in this case at any time.

"6. In so far as Rule 53 of the Common Law Rules of this court purports to require dismissal as of course of a bill of exceptions in connection with which the requirement of G. L. c. 231, § 114, that exceptions be presented to the court for allowance within a reasonable time after the filing thereof, has been complied with, the said rule is inoperative as being repugnant to the statute mentioned."

Judgment was entered for the plaintiff in the sum of $2,666.20. The defendant alleged exceptions.

*R. E. Burke & E. E. Crawshaw,* for the defendant, submitted a brief.

*F. W. Campbell,* for the plaintiff.

RUGG, C.J. The defendant seasonably filed a bill of exceptions on March 31, 1927, to the refusal of the judge to make certain rulings of law at the trial. Within three months thereafter the defendant presented that bill of exceptions to the judge for allowance. Apparently the judge took no action respecting the exceptions and neither set the matter down for hearing nor allowed or disallowed them in whole or in part. Eight days after the expiration of three months from the filing of the bill, the clerk of the court sent to the parties and to the presiding judge a notice dated June 30, 1927, which otherwise satisfied the requirements

of Common Law Rule 53 of Superior Court (1923). It is not stated that, pursuant to the notice under Rule 53, the exceptions were again presented to the judge, or his attention directed to them again, or that he took any action concerning them. We infer, therefore, that no one of these things was done. Shortly after August 8, 1927, the plaintiff filed a motion that judgment be entered upon the finding of the court. At the hearing upon that motion the defendant presented requests for rulings, all of which were denied subject to his exception. The motion was granted and order made that judgment be entered notwithstanding the exceptions filed and proceedings had in relation thereto.

Nothing appears in the record as to what took place between the judge and the excepting party when the exceptions were presented for allowance. We are bound to infer, therefore, that nothing was said or done at that time beyond the bald presentation of the exceptions with request that they be allowed.

It was the duty of the judge to take some action on the exceptions, when first presented to him, and within three months after being filed. The simple fact, that they were presented to him and nothing more, did not prevent the operation of Rule 53. That rule provides, "In all causes in which bills of exceptions have been filed and remained without action thereon for three months, the clerk shall forthwith notify the parties interested and the justice who tried the case that unless within thirty days thereafter, or within such further time as the justice may for cause allow, the bill of exceptions is presented to the presiding justice for allowance and is by him allowed, it will be dismissed and judgment will be entered as though no exceptions had been filed. If within such time the bill of exceptions is not allowed the exceptions shall be dismissed as of course and judgment be entered as though no bill of exceptions had been filed."

The words of that rule, "remained without action thereon for three months," mean "without action by the judge." After a party has duly filed his bill of exceptions, he can take no further "action thereon" save by order of the court, except to urge the judge to grant him a hearing thereon and to

allow them or to act upon them. *Commonwealth* v. *Dow*, 217 Mass. 473, 482, 483. That is not the action meant by Rule 53. The only effective action that can be taken by anybody concerning the exceptions is the action of the judge in the performance of his statutory duty to grant a hearing on the exceptions, determine whether they are conformable to the truth, and then allow or disallow them. G. L. c. 231, § 113. A safeguard is provided for the parties and the judge by Rule 53, even in instances where the exceptions have been presented to the judge within three months and have remained without action by him. It was the duty of the defendant as the excepting party again, after receipt of the notice under Rule 53, to request the judge to take action upon his exceptions by granting a hearing thereon and to allow or to disallow them. It was also the duty of the judge to pass on the exceptions after his attention was called to them by the notice under Rule 53. For aught that appears in this record, the failure of the judge to act on the exceptions was due to the failure of the excepting party to make an effort to have a hearing on his exceptions. G. L. c. 231, § 113. However that may be, the continued inaction by the judge during the three-month period after the exceptions were filed did not absolve the excepting party from all obligation in the premises during the thirty-day period after the notice was sent. He should have taken steps to secure a hearing on his exceptions and to cause final action to be taken by the judge concerning them.

Rule 53 is a valid rule and in conformity to the authority conferred upon the Superior Court in its effect upon the case at bar. *Frank, petitioner*, 213 Mass. 194. Doubtless the excepting party, if he had done all that he rightly could have done to secure the allowance of his exceptions and the judge had taken no action, might have had a remedy by petition to establish his exceptions. *C. F. Hovey Co., petitioner*, 254 Mass. 551. But that does not affect the rights of the parties in this proceeding.

It was the duty of the clerk of courts under Rule 53 to give the thirty-day notification "forthwith" after the expiration of three months from the filing of the exceptions. Sending

such notification eight days after that time was not "forth-with" in all the circumstances.    But that was a duty imposed on the clerk as a public officer.    The parties could not control his conduct in this respect.    So far as concerns the rights of the parties, it was directory, and his failure to send the notification as required did not suspend the operation of Rule 53.    *Cheney* v. *Coughlin*, 201 Mass. 204, 211, 212. The fact that the notice bore a date earlier than that in which it was sent does not affect the rights of the parties on this record.    The thirty-day period after notification under the rule did not begin to run until the date when the notification was sent.

The motion by the plaintiff to dismiss the exceptions was permissible practice, *Day* v. *McClellan*, 236 Mass. 330, even though in some circumstances exceptions may be dismissed automatically under the rule.    *Frank, petitioner, supra*, page 195.    The court had jurisdiction to order the entry of judgment.

It follows that all the requests for rulings were denied rightly.

*Exceptions overruled.*