LULU HERBERT *vs.* G. E. LOTHROP THEATRES CO.

Suffolk.    December 1, 1930. — December 3, 1930.

Present: RUGG, C.J., PIERCE, CARROLL, WAIT, & FIELD, JJ.

*Practice, Civil*, Exceptions: allowance and establishment; Common Law Rule 53 of the Superior Court (1923). *Rules of Court.*

The mere fact that the justice who presided at the trial of an action was not within the county where the action was tried on the day of the expiration of an extension of the time, after a notice had been given under Common Law Rule 53 of the Superior Court (1923), within which a bill of exceptions, saved at the trial, must be allowed, did not make valid a further extension granted to the excepting party on that day by another judge of the Superior Court.

TORT for personal injuries.    Writ in the Superior Court dated July 13, 1926.

The action was tried in the Superior Court before *Walsh*, J. After the recording with leave reserved under G. L. c. 231, § 120, of a verdict for the plaintiff in the sum of $700, a verdict for the defendant was entered by order of the judge. The plaintiff alleged exceptions.

In the circumstances stated in the opinion, the time for allowance of the plaintiff's exceptions was extended by *Bishop*, J.    In this court, the defendant moved that the exceptions be dismissed.

*A. C. Blake*, for the defendant.

*J. M. Russell,* for the plaintiff.

RUGG, C.J.    This is a motion presented before the full court to dismiss a bill of exceptions allowed on October 7, 1930, by the judge before whom the case was tried in the Superior Court.    The facts are that a verdict for the plaintiff was returned by the jury on December 4, 1929, and upon December 9, 1929, under leave reserved, the trial judge entered a verdict for the defendant, subject to the plaintiff's exception.    A bill of exceptions was filed on January 7, 1930, by leave of

court. No action was taken on this bill of exceptions until April 8, 1930, when the clerk sent to the attorneys and to the judge who tried the case the notice required by Common Law Rule 53 of the Superior Court (1923). Time for allowance of the bill of exceptions was extended by successive orders to several dates, the last of which was September 12, 1930. Counsel for plaintiff and for defendant finally agreed upon a revised draft of the bill of exceptions on September 12, 1930. The trial judge on that date was not in Boston where the case was tried, and in his absence a motion for further extension of time for allowance of the bill of exceptions to October 9, 1930, was presented to another judge of the Superior Court who indorsed thereon; " If I have the power to allow this motion I now do so, the presiding justice being away."

The question to be decided is whether this final extension of time for allowance of the bill of exceptions to October 9, 1930, was within the power of the judge who made it, he not being the judge who tried the case. The determination depends upon the correct interpretation of said Rule 53. That rule is in these words: " In all causes in which bills of exceptions have been filed and remained without action thereon for three months, the clerk shall forthwith notify the parties interested and the justice who tried the case that unless within thirty days thereafter, or within such further time as the justice may for cause allow, the bill of exceptions is presented to the presiding justice for allowance and is by him allowed, it will be dismissed and judgment will be entered as though no exceptions had been filed. If within such time the bill of exceptions is not allowed the exceptions shall be dismissed as of course and judgment be entered as though no bill of exceptions had been filed." That is a valid rule and in conformity with the authority conferred upon the Superior Court. It is to be observed that in this rule there is no reference to " the court " as the repository of judicial power, but that the only references are to " the justice who tried the case," " the justice " and " the presiding justice."

It cannot be rightly said that these repeated references to the trial judge in the rule are accidental or meaningless. Numerous other rules of the Superior Court refer to "the court" when it is the manifest intention that action may be taken by any judge and not alone by the judge presiding at the trial on the merits. See, for example, Rules 37, 52, 54, 56. The distinction between the trial judge and the court is recognized by rule and by practice apart from the rule. *Reno* v. *Cotter,* 236 Mass. 556, 560, 561, and cases there cited. Said Rule 53 was passed pursuant to G. L. c. 231, § 114, first enacted as St. 1911, c. 212, § 2. *Drinkwater* v. *Frank,* 213 Mass. 194. The object of that enabling statute and of the rule is to forward the allowance or dismissal of bills of exceptions and to prevent unseemly delays in reaching a final decision in cases in which bills of exceptions have been filed. The extension of time for allowing bills of exceptions and the allowance of them naturally fall within the judicial function of the judge who presided at the trial. There is no statutory or other authority for a different judge to act on these matters except that contained in G. L. c. 231, § 115, as amended by St. 1923, c. 5. The authority there conferred by way of exceptions to the general principle does not apply to the case at bar. The conclusion follows irresistibly that the extension of time made by another judge on September 12, 1930, to October 9, 1930, upon the facts here disclosed, was not within the authority of any judge other than the trial judge. *Barnard, Manuf. Co.* v. *Eugen C. Andres Co.* 234 Mass. 148. *C. F. Hovey, petitioner,* 254 Mass. 551. *Bath Iron Works, Ltd.* v. *Savage,* 262 Mass. 123.

The circumstance that the judge who tried the case was not within the county where the case was tried on the last day of the final extension of time for the allowance of the bill of exceptions is of no consequence. It was the duty of the excepting party before the expiration of the time for its allowance to see that the bill of exceptions was presented to the trial judge or to secure from the trial judge a further extension of time for its allowance if he

desired to keep his exceptions alive.   The allowance of the bill of exceptions by the trial judge after September 12, 1930, the latest date to which the time for such allowance had been extended by him, could not infuse life into the bill of exceptions which had become dead under said Rule 53 after September 12, 1930.   *Herrick* v. *Waitt*, 224 Mass. 415, 417.   *Riley* v. *Brusendorff*, 226 Mass. 310, 313. *Boston Bar Association* v. *Casey*, 227 Mass. 46, 51.

*Exceptions dismissed.*