RICHMOND CO-OPERATIVE ASSOCIATION, INC. *vs.* WILLIAM GILL & others.

Norfolk.    December 11, 1933. — December 28, 1933.

Present: RUGG, C.J., FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Exceptions: overruling for failure to provide transcript of evidence; Appointment of stenographer at hearing; Conduct of trial or hearing; Judgment notwithstanding exception; Appeal.

It was not error for a judge of the Superior Court to refuse to appoint a stenographer to take evidence at the hearing of a motion to overrule exceptions saved by the defendant at the trial of an action before him, which motion was based on failure by the defendant to comply with an order made by the judge under G. L. (Ter. Ed.) c. 231, § 121, to furnish a transcript of the evidence and the instructions to the jury at the trial of the action.

A month after the filing of a bill of exceptions by a defendant, the trial judge ordered that the defendant furnish him within forty-seven days a transcript by the official stenographer of the evidence and of the instructions to the jury at the trial. The defendant failed to do so and the plaintiff, on the fiftieth day, filed a motion that the exceptions be overruled. The judge ordered a hearing on that motion two days after it was filed, and then allowed it. *Held,* that

(1) Whether the defendant was given sufficient time for preparation for that hearing was a matter in the discretion of the trial judge;

(2) The order to furnish the transcript complied with the provisions of G. L. (Ter. Ed.) c. 231, § 121;

(3) The overruling of the exceptions was within the power of the judge;

(4) No limit is set by statutory provisions or by rule of court to the time when such an order for a transcript of the evidence and instructions may be made, or when, after failure to comply with such order, the exceptions may be overruled.

Neither the provisions of G. L. (Ter. Ed.) c. 231, §§ 113, 114, nor of Rule 74 of the Superior Court (1932) make it improper for a judge of that court of his own motion to examine a bill of exceptions, filed after a trial, before it is presented to him under the rule, and to take appropriate action for examination, such as ordering a transcript under § 121 of the statute, before the events of the trial have become misty in memory from lapse of time.

After the allowance of a bill setting forth exceptions by the defendant to rulings made at the hearing of a motion by a plaintiff that exceptions saved by the defendant at a trial on the merits be overruled, the judge allowed a motion that judgment be entered for the

plaintiff on the verdict at that trial and that execution issue notwith-standing the allowance of the later exceptions, on the ground that those later exceptions were immaterial, frivolous, and intended for delay; and the defendant appealed. *Held,* that the appeal must be dismissed as none lay from the allowance of such a motion.

No appeal lies from the denial of a motion to stay judgment and execution.

CONTRACT. Writ dated January 11, 1929.

In the Superior Court, the action was tried before *Keating,* J. Proceedings after the trial, and exceptions and appeals by the defendants, are described in the opinion.

*W. A. Graustein,* attorney in fact, for the defendants.

*John J. Walsh,* for the plaintiff.

RUGG, C.J. This action of contract resulted in a verdict for the plaintiff. The defendants' motion for a new trial was overruled. On February 14, 1933, the defendants filed a bill of exceptions. On March 14, 1933, the trial judge ordered that the defendants furnish him by May 1, 1933, with a transcript, by the official stenographer from her notes, of the evidence and of the instructions to the jury. There was no compliance with this order. On May 4, 1933, the plaintiff filed a motion to overrule the defendants' exceptions. Hearing on this motion was had on May 6.

It was not error for the trial judge to refuse to appoint a stenographer to take evidence at this hearing. Commonly no evidence would be taken and the matter would be decided summarily.

Whether the defendants were given sufficient time for preparation for that hearing was a matter in the discretion of the trial judge. *Noble* v. *Mead-Morrison Manuf. Co.* 237 Mass. 5, 16.

The order that the defendants furnish transcript of the evidence was authorized by G. L. (Ter. Ed.) c. 231, § 121. Much more than the minimum time there specified was given to the defendants.

After hearing in which both parties participated, the plaintiff's motion to overrule the defendants' exceptions was allowed, and the exceptions filed by the defendants were overruled as matter of law and in the exercise of judicial discretion on May 6, 1933. In making that decision the trial

judge found that, although notice of the order of March 14, 1933, was seasonably received, no transcript as there required had been furnished and not even an order given for such transcript. It is provided by G. L. (Ter. Ed.) c. 231, § 133, that "If, at law . . . an excepting party neglects to provide a transcript of the evidence or of the instructions to the jury within the time ordered" under § 121, the court "may, upon the application of the adverse party and after notice to all parties interested, order . . . the exceptions overruled . . . and thereupon, in the case of . . . exceptions, the decision . . . excepted to, shall be in full force and effect." It is plain from G. L. (Ter. Ed.) c. 231, §§ 121 and 133, in the light of St. 1895, c. 153, § 2, and St. 1896, c. 451, by which the substance of these provisions was first enacted, that power is conferred upon the trial judge to overrule exceptions for failure of the excepting party to comply with an order to furnish a transcript of the evidence and instructions even though the exceptions may not have been allowed. The change in phraseology in R. L. c. 173, § 115, and in G. L. c. 231, § 133, from that of the original enactment, wrought no alteration in meaning. *Main* v. *County of Plymouth*, 223 Mass. 66, 69. *Duggan* v. *Ogden*, 278 Mass. 432, 434.

The exceptions had not been presented by either party to the trial judge for allowance from the date of filing to May 16, 1933. It is provided in G. L. (Ter. Ed.) c. 231, by § 113, that the trial judge "shall . . . upon their presentation to him by any party to the action, examine the exceptions, and after hearing the parties, determine whether they are conformable to the truth"; and by § 114, "If an excepting party, in any civil cause in which exceptions may be alleged, shall not within such time after the filing of his exceptions as the court may determine to be reasonable thus present them" for allowance, the court may order them dismissed after hearing. "No exceptions shall thus be dismissed within three months after the date of their filing." Further provision is made on this subject by Rule 74 of the Superior Court (1932). There is nothing in any of these provisions to prevent the trial judge from examining the exceptions of his own motion as soon as they

are filed and taking appropriate steps for consideration as soon as practicable and before the events of the trial have become misty in memory from lapse of time. He, is not obliged to wait until the exceptions are presented to him by a party to the action. No limit is set by the statute to the time when an order may be made for a transcript of the evidence and instructions, or when, after failure to comply with such order, the exceptions may be overruled. The three months' period specified in § 114 has no application to the facts shown on this record. The trial judge was empowered by G. L. c. 231, §§ 121, 133, to overrule the exceptions on May 6, 1933. No error of law is disclosed in his action. *Frank, petitioner*, 213 Mass. 194.

The bill of exceptions now before us was later allowed. The trial judge was empowered by G. L. (Ter. Ed.) c. 231, § 116, to grant the motion of the plaintiff that judgment be entered on the verdict and execution awarded notwithstanding the allowance of the exceptions on the ground that the exceptions were immaterial, frivolous, and intended for delay. No appeal lies from the allowance of such a motion. *Williams* v. *Clarke*, 182 Mass. 316. *Bullock, petitioner*, 254 Mass. 14, 16.

The defendants filed a paper entitled a "Defendants' Motion to Stay Judgment and Execution." This motion was denied. The defendants appealed. There is nothing before us on this appeal. There is no finding that the facts set forth in the motion are true. Even if they are assumed to be true, there is nothing to show error in the denial of the motion. Moreover, appeal does not lie from the denial of such a motion because it was not an "order decisive of the case founded upon matter of law apparent on the record." G. L. (Ter. Ed.) c. 231, § 96. *Samuel* v. *Page-Storms Drop Forge Co*. 243 Mass. 133, 134. *Check* v. *Kaplan*, 280 Mass. 170, 174.

There is no merit in any of the contentions presented by the defendants.

*Exceptions overruled.*
*Appeals dismissed.*