LOUIS J. BLANK *vs.* HYMAN KRINSKY.

Suffolk.     October 2, 1934. — October 3, 1934.

Present: RUGG, C.J., CROSBY, PIERCE, FIELD, & DONAHUE, JJ.

*Practice, Civil,* Exceptions: dismissal for lack of prosecution; Rule 74 of the Superior Court (1932).

Although, after the denial, because the clerk failed to send the notice required by Rule 74 of the Superior Court (1932), of a motion, presented five months after the filing of a bill of exceptions, that the bill be dismissed under that rule, the clerk did not give notice of the denial to either party, the court had power under G. L. (Ter. Ed.) c. 231, § 114, to grant a motion to dismiss the bill for want of prosecution presented eight months after the bill was filed.

The allowance of the second motion to dismiss above described imported a finding that the bill had not been presented for allowance within a reasonable time.

CONTRACT. Writ dated December 14, 1931.

The action was heard in the Superior Court by *Walsh*, J., without a jury. There was a finding for the plaintiff in the sum of $726.28. Proceedings respecting motions to dismiss for want of prosecution a bill of exceptions filed by the defendant are described in the opinion. The second motion was allowed, and the defendant alleged an exception to its allowance.

G. L. (Ter. Ed.) c. 231, § 114, reads as follows: "If an excepting party, in any civil cause in which exceptions may be alleged, shall not within such time after the filing of his exceptions as the court may determine to be reasonable thus present them to the court for allowance, the court in which the exceptions were taken and filed may, after notice to all parties interested, order them dismissed, and thereupon proceed to enter judgment in the same manner as if no exceptions had been filed. No exceptions shall thus be dismissed within three months after the date of their filing."

*B. Goldman*, for the defendant.

*J. VdeP. Phelan*, for the plaintiff.

BY THE COURT. This action of contract resulted in a finding for the plaintiff. The defendant, on June 26, 1933, filed exceptions to rulings made at the trial. The plaintiff, on November 22, 1933, presented a motion to dismiss those exceptions under Rule 74 of the Superior Court (1932). That motion was denied on the following day on the ground that the clerk of the court had not sent the notice required by the rule. On February 28, 1934, the plaintiff filed a motion to dismiss the exceptions for want of prosecution and to enter judgment as if no exceptions had been filed. No notice of the denial of the first motion was sent to either party and the defendant had no knowledge of it until informed on February 28, 1934, by counsel for the plaintiff. See *Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass. 41, 43, 44. The second motion was granted subject to exception by the defendant.

There was no error of law in that action. The rule of court does not deprive the trial judge of power to dismiss exceptions after the expiration of three months from the

time of being filed provided he finds that they have not been presented for allowance within a reasonable time. G. L. (Ter. Ed.) c. 231, § 114. *Bath Iron Works, Ltd.* v. *Savage,* 262 Mass. 123. *Frank, petitioner,* 213 Mass. 194. .See *Herbert* v. *G. E. Lothrop Theatres Co.* 273 Mass. 462. The allowance of the motion imports the finding of facts necessary to that end. *Griffin* v. *Griffin,* 222 Mass. 218. *Bullock, petitioner,* 254 Mass. 14. See *Richmond Co-operative Association, Inc.* v. *Gill,* 285 Mass. 50.

*Exceptions overruled.*