<em>Petition dismissed.</em>

---

WILLIAM F. GERMAIN *vs.* ELIAS A. RAAD.

ELIAS A. RAAD *vs.* WILLIAM F. GERMAIN.

Worcester.     September 21, 1936. — March 30, 1937.

Present: RUGG, C.J., CROSBY, FIELD, DONAHUE, & LUMMUS, JJ.

*Practice, Civil,* Appeal, Affidavit. *Evidence,* Presumptions and burden of proof, Affidavit.

An uncontradicted affidavit filed in support of a motion is not conclusive of the facts therein stated.

An appeal does not lie from the denial of a motion, grounded on facts and not upon matter of law apparent on the record, to set aside a general finding by a judge on the merits.

TWO ACTIONS OF CONTRACT. Writs dated, respectively, September 18 and 22, 1931.

The actions were referred to an auditor by a rule which did not require that his findings of fact should be final.

From the denial of a motion to set aside findings by *Whiting*, J., for Germain in the first action in the sum of $181.04 and for Raad in the second action in the sum of $494.66, Germain appealed.

*F. W. Morrison*, for Germain, submitted a brief.

No argument nor brief for Raad.

RUGG, C.J. These are cross actions in contract begun in the Superior Court. Germain seasonably filed in each case a claim for trial by jury. The cases were referred to an auditor. There is now no controversy concerning his report. After the filing of the auditor's report, which covered both cases, Germain filed in each case an insistence upon his right to trial by jury and reservation of the right at such trial to introduce further evidence upon all material issues. Raad filed in each action a motion that the case be advanced for speedy trial. Those motions were allowed on June 10, 1935. The docket entry shows that the cases were reached on the jury short list on September 17, 1935. On that date, Germain not appearing, the court entered a finding in each case for the plaintiff on the auditor's report. On the same date, counsel for Germain filed in the case in which Germain was plaintiff a motion subscribed and sworn to by him, praying that the finding be set aside "on the following grounds: (1) That the plaintiff had claimed and insisted upon his right to a jury trial. (2) When said cause was first reached plaintiff's counsel was engaged in a trial in the Superior Court and had no notice that the above case was reached. (3) The plaintiff claims his right to a jury trial." Counsel for Germain filed an identical motion in the case in which Germain was defendant, except that the word "defendant" was substituted for the word "plaintiff" wherever it occurred. Each of these motions was denied after hearing on January 15, 1936, by the judge who made the findings. Germain, through his attorney, also filed in each case, on September 17, 1935, a claim of "an exception to the order, judgment and findings of the court for the plaintiff . . . on the grounds that the same

were made in said cause when first reached in the absence of" counsel for Germain, "who was then engaged in trying a case in the Superior Court." In each case, on January 17, 1936, Germain took an appeal to the full court from the denial of his "motion to set aside findings and order for judgment."

There is nothing in the record to show what occurred at the hearing on the motions on January 15, 1936. No findings of fact were filed. No rulings of law appear to have been requested or made. Usually, the denial of such motions as these imports the finding of all facts necessary to that end. *Blank* v. *Krinsky*, 288 Mass. 59. Every presumption of fact is made in favor of the action of the judge. *Bullock, petitioner*, 254 Mass. 14, 17.

It is plain that no bill of exceptions has been filed and none has been allowed. Merely claims of exception were filed, which might have been the basis of a bill of exceptions if properly followed up. Germain states in his brief that the "motions were heard solely upon the sworn statements contained therein and each was denied. Whereupon the plaintiff defendant Germain appealed." Clearly he depends upon his appeals.

No rulings of law appear in the record. No findings of fact are set out in the record. There is an affidavit as to some isolated facts. Affidavits are not conclusive of the facts even if no counter affidavits are presented. A judge is no more bound to accept as true an uncontradicted affidavit than to believe an uncontradicted witness. *Commonwealth* v. *Devereaux*, 257 Mass. 391, 395. *Commonwealth* v. *Millen*, 290 Mass. 406. *Trade Mutual Liability Ins. Co.* v. *Peters*, 291 Mass. 79, 85. *Mercadante* v. *Aldorasi*, 295 Mass. 596.

No errors of law appear on the face of this record. The record does not disclose cases which can be brought to the full court by appeal. The action of the judge of the Superior Court did not arise on a demurrer. It did not relate to a case stated. No order has been entered decisive of the cases founded on matter of law apparent on the record. Hence the cases are not properly here on appeal. *Samuel*

v. *Page-Storms Drop Forge Co.* 243 Mass. 133, 134.   *Check*
v. *Kaplan*, 280 Mass. 170, 174.

For aught that appears, it was the duty of Germain to
be present in court when his cases were reached for trial by
jury.   They had been advanced for speedy trial.   Com-
monly the duty rests upon parties to look after their cases
in court.   *Rosenbush* v. *Westchester Fire Ins. Co.* 227 Mass.
41.

In each case the entry may be

*Appeal dismissed.*