CORNELIUS G. ATTWOOD *vs.* THE NEW ENGLAND TRUST COMPANY.

Suffolk.    February 5, 1940. — March 26, 1940.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & COX, JJ.

*Practice, Civil,* Exceptions: allowance and establishment, dismissal of bill.

Merely mailing a letter to a trial judge requesting him to set a date for a hearing on a bill of exceptions and to allow the exceptions, where the bill still was with the clerk of courts, was not a presentation of the bill required by G. L. (Ter. Ed.) c. 231, § 114 and Rule 74 of the Superior Court (1932).

The dismissal by a judge of a bill of exceptions for noncompliance with
G. L. (Ter. Ed.) c. 231, § 114, and Rule 74 of the Superior Court (1932)
disclosed no error where the bill in fact had not been presented to the
judge within the time allowed therefor but had not been dismissed
by the clerk under the rule because of the seasonable filing of a
false affidavit of presentation.

TORT. Writ in the Superior Court dated September 11,
1935.

A verdict for the defendant was ordered by *Dillon,* J.,
who later allowed a motion dismissing a bill of exceptions
filed by the plaintiff. The plaintiff alleged exceptions to
the allowance.

*R. Cleaves, Jr.,* for the plaintiff, submitted a brief.

*W. F. Byrne,* (*J. L. Ware* with him), for the defendant.

QUA, J. The plaintiff contends that there was error in
the dismissal by the trial judge of the plaintiff's excep-
tions.

The case was tried in the Superior Court in Suffolk County
on November 9 and 10, 1938, and resulted in a directed ver-
dict for the defendant. The time for filing the bill of excep-
tions was extended until January 21, 1939, on which day
the plaintiff filed his bill. In accordance with Rule 74 of
the Superior Court (1932) the clerk, by notice dated April
22, 1939, informed the parties that unless within thirty
days thereafter, or within such further time as might be
allowed, an affidavit should be filed that the bill had been
presented to the proper justice for allowance, the exceptions
would be dismissed. The time for filing the affidavit was
extended to May 26. On May 23 the plaintiff wrote to the
trial judge, who was then in Hampden County, requesting
him to set a date for a hearing and to allow the exceptions,
and on May 24 the plaintiff filed his attorney's affidavit of
presentation. Thereafter the judge set a date for the
hearing, and on or about May 31 the clerk sent the bill of
exceptions to the judge. There is nothing in the record to
indicate that the judge had ever seen the bill of exceptions
until on or about May 31. The defendant moved that the
exceptions be dismissed on the ground that the plaintiff
had not complied with Rule 74. After hearing the parties

on June 19, the judge allowed this motion, stating that he did so because he found as a fact that the bill of exceptions had never been presented to him for allowance as "required by said rule 74."

The finding of the judge that the bill had never been presented to him is consistent with, and is supported by, the facts hereinbefore recited. "Presentation" (the word used in the statute) of the bill of exceptions to the presiding judge that he may examine it and allow or disallow the exceptions has long been a required step in the process of bringing a case to this court on exceptions. St. 1803, c. 94, § 5. Rev. Sts. c. 81, § 28. Gen. Sts. c. 115, § 7. Pub. Sts. c. 153, § 8. R. L. c. 173, § 106. During the interval between St. 1880, c. 118, § 1, and St. 1911, c. 212, § 1, presentation to the judge was made by the clerk. Since the act of 1911 presentation has been by a party. G. L. (Ter. Ed.) c. 231, §§ 113, 114. Exactly what constitutes sufficient presentation seems never to have been fully defined and need not be fully defined now, but it is apparent from the plain object of the requirement of presentation, from the reference in § 117 to a failure of the judge to "return" the exceptions, and from the implications of numerous decisions that it is at least necessary that the bill of exceptions be brought physically into the presence and to the attention of the judge, so that he may examine its contents with a view to acting upon it. Simply writing the judge asking that he set a date for a hearing and that the exceptions may be allowed is not a "presentation." *Barstow* v. *Marsh,* 4 Gray, 165. *Borrowscale* v. *Bosworth,* 98 Mass. 34. *Bottum* v. *Fogle,* 105 Mass. 42. *Sawyer* v. *Yale Iron Works,* 116 Mass. 424, 432. *Commonwealth* v. *Greenlaw,* 119 Mass. 208. *Tufts* v. *Newton,* 119 Mass. 476. *Hale* v. *Rice,* 124 Mass. 292, 297. *Browne* v. *Hale,* 127 Mass. 158. *Goff* v. *Britton,* 182 Mass. 293. *Bath Iron Works, Ltd.* v. *Savage,* 262 Mass. 123, 125. This does not impose an unreasonable burden upon the excepting party. See *Herbert* v. *G. E. Lothrop Theatres Co.* 273 Mass. 462; *Blank* v. *Krinsky,* 288 Mass. 59. If unusual difficulties arise a party who has been diligent may reasonably expect to secure a needed extension

of time from the same or some other judge in accordance with the provisions of the present rule.

G. L. (Ter. Ed.) c. 231, § 114, provides that if the excepting party does not present his exceptions for allowance within such time (not less than three months) after their filing as the court may determine to be reasonable the court may order them dismissed. Rule 74 in no way attempts to cut down or limit the discretionary power given to the judge by this statute. *Frank, petitioner,* 213 Mass. 194. *Blank* v. *Krinsky,* 288 Mass. 59. The rule was designed to supplement the statute by providing for automatic dismissal by the clerk, without action by the judge, where no affidavit should be filed showing presentation to the judge within a time (after the three months) which it was deemed would commonly be sufficient, subject to the power of the judge to extend the time if he should determine an extension to be reasonable. The material portions of Rule 74 are set forth, and its effect and the difference between it and rules formerly in force on the subject are discussed in *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207. See also *Lincoln Electric Co.* v. *Sovrensky, post,* 476. Of course when the rule was adopted it was contemplated that affidavits filed in accordance with its provisions would speak the truth.

The situation before the judge on June 19, when he dismissed the exceptions, was that the time allowed for filing the affidavit of presentation, and hence the time within which it was intended presentation should be made, had expired, without presentation of the exceptions, and in the normal operation of Rule 74 they would already have been finally dismissed by the clerk. The only reason why this had not happened was that an affidavit of presentation had been filed the truth of which the clerk had no authority to determine, and which, under a proper construction of the statutory requirements for presentation, turns out to have been false. The power of the judge to dismiss the exceptions under § 114 remained. Although the present Rule 74 contains no express command that under these circumstances the judge shall dismiss the exceptions, doubtless

because it was not contemplated that such circumstances would occur, it is difficult to see how the judge could properly have exercised his statutory discretion in any other way than to uphold the integrity and usefulness of the rule by dismissing the exceptions. There was no error in so doing.

*Exceptions overruled.*