THE LINCOLN ELECTRIC COMPANY *vs.* HERBERT SOVRENSKY & another.*

Middlesex. March 7, 1940. — March 26, 1940.

Present: FIELD, C.J., DONAHUE, LUMMUS, QUA, & DOLAN, JJ.

*Practice, Civil,* Exceptions: allowance and establishment; Ordering verdict; Stipulation; New trial.

The thirty days within which the excepting party must have the bill of exceptions allowed or disallowed or file an affidavit of presentation for allowance is to be computed from the time of the warning notice given by the clerk of courts under Rule 74 of the Superior Court (1932), not from the expiration of three months after the filing of the bill, although the clerk fails to give the notice "forthwith" as the rule requires.

It was error to order a verdict for the plaintiff in an action of replevin although there was uncontradicted evidence fully supporting the plaintiff's case, if the defendant did not admit the truth of the evidence.

A stipulation of parties that, if this court determined an ordering of a verdict for the plaintiff, upon whom rested the burden of proof, to be error, judgment was to be entered for the defendant, was set aside as improvident and little likely to do justice, and a new trial was ordered.

REPLEVIN. Writ in the Superior Court dated October 14, 1938.

The action was heard by *Beaudreau, J.*

*P. Bergson,* for the defendants.

*J. J. Twitchell, (C. F. Diemer* with him,) for the plaintiff.

LUMMUS, J. This is an action of replevin by a conditional vendor of machinery against a firm that acquired the place

---

* This case is printed out of order by direction of the court. — REPORTER.

of business occupied by the conditional vendee.   After a directed verdict for the plaintiff returned on April 12, 1939, the defendants, on April 28, 1939, seasonably filed their first bill of exceptions.   That bill having been neither allowed nor disallowed, the clerk on August 30, 1939, to use the words of Rule 74 of the Superior Court (1932), notified "the parties interested and . . . [the] justice that unless within thirty days thereafter . . . an affidavit is filed with the clerk that the bill of exceptions has been presented by a party to the proper justice for allowance, the bill of exceptions will be dismissed . . . ."   By Rule 3 of the Superior Court (1932), a notice by mailing is deemed given when mailed.   *Checkoway* v. *Cashman Brothers Co. ante,* 470.   On September 13, 1939, within thirty days after the warning notice of August 30, 1939, the defendants filed the affidavit required.   Nevertheless, on motion of the plaintiff, the judge ruled, subject to the defendants' exception, that under Rule 74 he had no power to allow the bill of exceptions, because the affidavit was not filed within thirty days after the expiration of three months after the bill of exceptions was filed on April 28, 1939, — in other words, on or before August 27, 1939.   The judge accordingly ordered the first bill of exceptions dismissed.   Although the judge could have dismissed the bill of exceptions under the statute without reference to the rule (*Blank* v. *Krinsky,* 288 Mass. 59;   *Attwood* v. *New England Trust Co. ante,* 472), he ruled that under Rule 74 he lacked power to allow the bill.   If that ruling was wrong, it renders erroneous his dismissal of the bill, even though on another ground he might have lawfully dismissed it.   *Long* v. *George,* 296 Mass. 574, 578–579.   A second bill of exceptions, presenting the point of practice, was then filed and allowed.

The rule* in question (Rule 74 of the Superior Court

---

* The first two paragraphs of the rule, those material to this case, are as follows:

"If within three months after filing, a bill of exceptions has not been allowed or disallowed by the justice to whose opinion, ruling, direction or judgment the exceptions were taken, the clerk shall forthwith notify the parties interested and such justice that unless within thirty days thereafter, or within such further time as may be allowed, an affidavit is filed with the clerk that

[1932]) was adopted to supplement G. L. (Ter. Ed.) c. 231, § 114 (*Frank, petitioner,* 213 Mass. 194), and to abolish the requirement of earlier rules that the excepting party cause the judge to allow his bill of exceptions within a certain time, under penalty of dismissal of the bill of exceptions. *Bath Iron Works, Ltd.* v. *Savage,* 262 Mass. 123. It was thought that the excepting party ought not to be made responsible for delay occurring after the bill of exceptions had been presented to the judge for allowance. *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207.

The rule requires a warning notice by the clerk after failure to obtain action by the judge within three months after the filing of the bill of exceptions. After that warning notice, thirty days are allowed during which there may be filed an affidavit of presentation which will prevent the automatic dismissal of the bill of exceptions though it has not been allowed or disallowed. Even where the clerk delays in giving the warning notice, the excepting party has thirty days after the notice in which to get the bill of exceptions allowed or file the affidavit of presentation. The word "thereafter," in the first paragraph of the rule, means after the warning notice, not after the end of the initial period of three months. The same meaning was given to the same word when used in Rule 53 of the Superior Court (1923). *Bath Iron Works, Ltd.* v. *Savage,* 262 Mass. 123, 127. See also *Flynn, petitioner,* 265 Mass. 310; *Blank* v. *Krinsky,* 288 Mass. 59. The form of Rule 53 appears in *Russell* v. *Foley,* 278 Mass. 145, 147. Some of the language used in *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207, might lead to a contrary conclusion; but the point of practice actually decided in that case was merely that under the circumstances further time, beyond the thirty days, had been allowed under the provisions of the rule for filing the affidavit of presentation. The question whether the period of thirty days runs

---

the bill of exceptions has been presented by a party to the proper justice for allowance, the bill of exceptions will be dismissed and judgment or decree will be entered as though no exceptions had been filed.

"If, within such time, the bill of exceptions is neither allowed nor disallowed, and no such affidavit is filed, the exceptions shall be dismissed by the clerk without further notice or order."

from the end of the initial period of three months or from the warning notice, was immaterial in that case, for either way the period of thirty days, apart from extensions, had expired. The decision in that case does not touch the point here decided.

It follows that the exceptions of the defendants to the dismissal of their first bill of exceptions must be sustained.

That bill of exceptions was allowed conditionally upon the sustaining of the exceptions to its dismissal. It discloses uncontradicted evidence of the conditional bill of sale, of nonperformance of the conditions, of demand by the plaintiff for the machinery sold, and of the taking from the defendants upon the writ of replevin of the very machinery covered by the conditional bill of sale. But the defendants did not concede the facts of which there was evidence. The judge, subject to the exception of the defendants, ordered a verdict for the plaintiff. This was erroneous, for the plaintiff had the burden of proof and the defendants had a right to ask the jury to disbelieve the evidence. *Lindenbaum* v. *New York, New Haven & Hartford Railroad,* 197 Mass. 314, 323. *McDonough* v. *Metropolitan Life Ins. Co.* 228 Mass. 450, 452. *Topjian* v. *Boston Casing Co. Inc.* 288 Mass. 167. *Pearson* v. *O'Connell,* 291 Mass. 527, 529.

Normally the result of this error would be a new trial. But the parties apparently have stipulated that "if the direction to find for the plaintiff was wrong, judgment is to be entered for the defendants for a return of the goods." Such a stipulation seems to us so improvident, and so little likely to do justice, that we vacate it, (*Symmes Arlington Hospital, Inc.* v. *Arlington,* 292 Mass. 162, 165; *Schiller* v. *Metropolitan Life Ins. Co.* 295 Mass. 169, 178), and simply sustain the exceptions of the defendants contained in both bills of exceptions, with the result that there must be a new trial.

*So ordered.*