WILLIAM BUDEN *vs.* ERNEST G. OLSON
(and a companion case [1]).

Worcester.    September 25, 1944. — October 24, 1944.

Present: FIELD, C.J., QUA, DOLAN, WILKINS, & SPALDING, JJ.

*Practice, Civil,* Exceptions: allowance and establishment, dismissal of
bill; Waiver; Order of court; Amendment. *Notice. Waiver.*

Although there was compliance by an excepting party with Rule 74 of
the Superior Court (1932) where he presented his bill of exceptions
to the trial judge and filed an affidavit of presentation about five
months after the filing of the bill but before the expiration of the last
of successive extensions of the time for presentation and for filing of
the affidavit, it was within the power and discretion of the judge,
after the presentation, to dismiss the exceptions under G. L. (Ter.
Ed.) c. 231, § 114. .

It was immaterial to the validity of a dismissal of exceptions under G. L.
(Ter. Ed.) c. 231, § 114, that the judge did not order judgment at
the same time.

After a hearing respecting dismissal of exceptions upon a motion to
dismiss not then filed with the clerk but under a stipulation that the
motion would be so filed either in its original form "or with such
amendments or additions in the . . . assignment of cause for . . .
[its] allowance . . . as . . . the attorney for the . . . [moving party]
saw fit," and the filing with the clerk of the motion stating as one of
its grounds failure to comply with G. L. (Ter. Ed.) c. 231, § 114,
notice to the excepting party as a preliminary to the judge's allowing
the motion under that statute was waived and was not required.

An order dismissing exceptions upon an untenable ground might later be
amended by the judge's adding a tenable ground for such action.

TWO ACTIONS OF TORT.  Writs in the Central District
Court of Worcester dated June 27, 1939.

Upon removal to the Superior Court the actions were
tried before *Beaudreau,* J.  Proceedings relative to the
defendant's original exceptions are described in the opinion.
The record did not disclose the nature of the grounds stated
in the plaintiffs' motions to dismiss in their form as originally
presented to and heard by the trial judge before filing with
the clerk.

[1] The companion case is Frank Turonis *vs.* Ernest G. Olson.

*B. C. Tashjian,* for the defendant.

*J. Y. Young,* (*Nunziato Fusaro* with him,) for the plaintiffs.

QUA, J. These cases are here on exceptions to and appeals from orders of the trial judge dismissing the defendant's exceptions in two actions of tort in which there had been verdicts for the plaintiffs.

The defendant filed his bill of exceptions in each action on November 12, 1941. On February 12, 1942, the clerk notified counsel for the defendant under Rule 74 of the Superior Court (1932) that unless affidavits of presentation to the judge for allowance should be filed within thirty days the exceptions would be dismissed. Counsel for the parties not agreeing upon the bills of exceptions, at the defendant's request the judge set them down for hearing on April 1. On that day counsel appeared before the judge, and counsel for the plaintiffs presented to the judge in each case a motion to dismiss the defendant's exceptions. Although these motions had not then been filed, there was a hearing upon them. Counsel "for all parties argued thereon, and later briefs were furnished to" the judge. It was agreed at that time that counsel for the plaintiffs would file these motions with the clerk either in the form in which they were presented to the judge "or with such amendments or additions in the matter of assignment of cause for the allowance of the motions as he, the attorney for the plaintiffs, saw fit." On April 10 counsel for the plaintiffs filed a motion in each case for dismissal of the exceptions. In each motion he assigned five specific causes for its allowance, two causes common to each motion being that the defendant had failed to comply with Rule 74 and that the bill of exceptions had not been presented to the court for allowance in accordance with G. L. (Ter. Ed.) c. 231, § 114. On April 14 the judge allowed the plaintiffs' motions and dismissed the exceptions for failure to comply with Rule 74. But in the meantime the defendant had secured from three different judges other than the judge who had heard the cases, although the judge who had heard the cases was available, five successive extensions of seven days each of the

time for presentation and for filing the affidavit of presentation under the rule. The last extension carried the time to April 17, three days after the judge had purported to dismiss the exceptions for failure to comply with the rule. On April 15 the defendant's attorney presented the original bills of exceptions to the trial judge for allowance and on the 17th, within the time allowed by the last extension, he filed the affidavit of presentation. On the 16th the judge wrote the defendant's attorney that he had given further consideration to the bills of exceptions and had decided to dismiss them under the statute. He added that he saw no reason for any further hearing, "because the ground was already covered during the last conference that we had in Boston two weeks ago." On April 22 the judge amended his orders of April 14 by adding as a second ground for dismissal of the exceptions that the bills had not been presented for allowance in accordance with the statute.

The orders of the judge in their original form dismissing the exceptions for failure to comply with the rule may well have been entered without knowledge of the last extension. At any rate those orders were in error, because the rule had been complied with, and if the cases rested on this point the defendant's present exceptions would necessarily be sustained. The extensions extended the time for presentation as well as the time for filing the affidavits. The second paragraph of the rule reads, "If, within such time, the bill of exceptions is neither allowed nor disallowed, and no such affidavit is filed, the exceptions shall be dismissed by the clerk without further notice or order." In this paragraph the words "within such time" refer back to the times mentioned in the first paragraph, including "such further time as may be allowed." The rule would have been complied with by filing the affidavit of presentation within the time allowed by extension for the filing of that affidavit, even if there had been no additional express extension of the time for the presentation itself. Actual presentation before the time, as extended, for filing the affidavit expires is insured by the expectation that false affidavits will not be filed. See *Attwood* v. *New England Trust Co.* 305 Mass. 472, 475;

*Lincoln Electric Co.* v. *Sovrensky,* 305 Mass. 476; *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207.

But quite apart from Rule 74, the statute, G. L. (Ter. Ed.) c. 231, § 114, provides that if an excepting party shall not within such time (not less than three months) after the filing of his exceptions as the court may determine to be reasonable present them to the court for allowance, the court may, after notice, order them dismissed. The rule merely supplements the statute and provides a method for automatic dismissal at a time which does not conflict with the statute. Exceptions may be dismissed under the terms of the statute, even though the time for automatic dismissal under the rule has not arrived. *Frank, petitioner,* 213 Mass. 194. *Blank* v. *Krinsky,* 288 Mass. 59. *Attwood* v. *New England Trust Co.* 305 Mass. 472, 475. *Lincoln Electric Co.* v. *Sovrensky,* 305 Mass. 476, 477. What is a reasonable time in all the circumstances is a matter for the determination of the trial judge. *Frank, petitioner,* 213 Mass. 194, 195. We do not know what evidence was introduced at the hearing on the motions. We do know that the exceptions were not presented for allowance until more than five months after they were filed and that they had been protected from automatic dismissal under the rule for more than a month through extensions procured ex parte from different judges, although the judge who heard the case was available to attend to them. We cannot say that the trial judge did not exercise a sound discretion in dismissing the exceptions. It is immaterial that he did not at the same time order judgment. Nor can we discover any basis in the statute for the defendant's further contention that under it exceptions cannot be dismissed after actual presentation, no matter how long presentation is delayed.

There remains only the question whether the action of the judge was erroneous for lack of the notice provided for by the statute. The defendant was fully heard on motions to dismiss his exceptions before the motions had been filed. He then agreed through his counsel that the motions might be filed with such amendments or additions "in the matter of assignment of cause for the allowance of the motions"

as the attorney for the plaintiffs "saw fit." In assigning causes it would be natural to have recourse to the governing statute. The assignment of a cause arising out of the statute was within the scope of the agreement of counsel and should have been anticipated by the defendant. It therefore appears that the defendant was heard once, as the judge stated in his letter, and that the defendant waived any further hearing in respect to the cause assigned. The judge could amend his original order dismissing the exceptions by adding another ground. *DeLuca* v. *Boston Elevated Railway*, 312 Mass. 495, 496.

Since we have dealt fully with the issues on the bill of exceptions now before us, the entry will be

*Exceptions overruled.*

*Appeals dismissed.*