PINE GROVE CEMETERY CORPORATION, petitioner.
RAY WILDAY vs. PINE GROVE CEMETERY CORPORATION.

Worcester. September 24, 1956. — November 13, 1956.

Present: WILKINS, C.J., SPALDING, WILLIAMS, COUNIHAN,
& WHITTEMORE, JJ.

*Practice, Civil*, Exceptions: allowance and establishment, prosecution.

A bill of exceptions found by a commissioner on a petition for its establishment to be conformable to the truth except in certain trifling, immaterial matters was established.  [664]
In the circumstances, after counsel for an excepting party in an action
had seasonably presented a bill of exceptions to the trial judge for allowance and filed an affidavit of its presentation pursuant to Rule 74
of the Superior Court (1954), had procured and furnished opposing
counsel with a transcript of the evidence as directed by the judge, and
during the ensuing seven months had drafted an amended bill at the
request of opposing counsel and sent it to him and had been in communication with him concerning it and his objections to it, dismissal
of the bill for want of prosecution at the end of the seven months was
error.  [666]

PETITION, filed in this court on May 16, 1955, to establish
a bill of exceptions containing an exception to the dismissal
of an earlier bill of exceptions of the petitioner in the following described action.

CONTRACT. Writ in the Superior Court dated July 17,
1950.

The action was heard without jury by *Swift*, J., who found
for the plaintiff. A bill of exceptions of the defendant was
dismissed by the judge, as set forth in the opinion.

*Alfred N. Whiting*, for Pine Grove Cemetery Corporation.

*Alphonse P. San Clemente*, for Wilday.

WILKINS, C.J. The petitioner seeks to establish a so
called second bill of exceptions containing its exception to
the dismissal of its first bill of exceptions for lack of prose-

cution. The petitioner was the defendant in the action which was in contract for a balance alleged to be due for work and labor. The judge found for the plaintiff in the sum of $2,002.13. The sole original question was whether a blanket minimum wage was in effect under G. L. (Ter. Ed.) c. 151 prior to January 1, 1950. The judge ruled that there was. The defendant contended to the contrary relying upon St. 1949, c. 777, §§ 1, 4.

The case was referred to a commissioner to hear the parties and their evidence, settle the truth of the exceptions, and make report to the court. The commissioner duly complied with the order and filed a report which we think contains a finding that the so called second bill of exceptions is conformable to the truth in all material respects. The commissioner found in paragraphs 18 and 19 of his report that on two trifling matters of no substantial materiality the defendant had not sustained the burden of proof. It would add nothing to our jurisprudence to describe these matters in detail. These paragraphs perhaps could have been struck out as readily separable before allowing the bill. *Melnick, petitioner*, 324 Mass. 524, 527. *Nealon, petitioner, ante*, 213, 218. They do no harm, however, and the exception to the dismissal of the first bill is established. *Ray, petitioner*, 314 Mass. 195. *Sharpe, petitioner*, 322 Mass. 441, 443–444.

The question presented by this exception is whether the first bill of exceptions could in the circumstances be properly dismissed for want of prosecution. It was seasonably filed on March 22, 1954, and a copy was seasonably delivered to the plaintiff's counsel. On March 23, 1954, the plaintiff's counsel wrote the defendant's counsel requesting a transcript of the evidence. On March 29, 1954, the defendant's counsel replied that if the judge wished the transcript the defendant's counsel would share the cost with the plaintiff's counsel and would furnish it. On March 30, 1954, the plaintiff's counsel again requested the transcript without any division of its cost. On June 11, 1954, the bill was seasonably presented to the judge, and affidavit filed.

On June 15, 1954, the plaintiff's counsel filed a motion to dismiss the bill on the ground that it did not conform to the evidence presented. On June 17, 1954, there was a hearing on the bill and the motion to dismiss. The defendant's counsel said that he would provide the transcript at once if the judge ordered it. The judge directed the defendant's counsel to provide the transcript and to deliver it to the plaintiff's counsel. No action was taken on the bill or the motion. On June 17, 1954, the defendant ordered the stenographer to prepare the transcript, and on June 22, 1954, delivered it to the plaintiff's counsel. It contained thirty-four pages. On the same day the defendant's counsel wrote the plaintiff's counsel, "As soon as you have a chance to go over the transcript, please return it, so that we can sit down and agree on a bill of exceptions." On July 1, 1954, the plaintiff's counsel wrote the defendant's counsel asking him to "make up a bill which would include, in summary form, all the evidence that was presented so that I will be in a position to agree with your bill of exceptions." On July 13, 1954, the defendant's counsel sent a draft of an amended bill of exceptions to the plaintiff's counsel, stating, "Kindly look it over and let me hear from you at your convenience." On November 26, 1954, the plaintiff's counsel wrote the defendant's counsel acknowledging receipt of the amended bill, and then particularized twenty-four instances of alleged "omissions or insertion defects" in the bill. On December 13, 1954, the defendant's counsel wrote the plaintiff's counsel, "I am going over your suggestions . . . and I would like to discuss them with you in the near future." Nothing further was done until January 24, 1955, when the judge caused counsel to be notified to appear before him in the court house in Boston on the following day.

At the hearing on January 25, 1955, the plaintiff's counsel said that he had filed a motion to dismiss which had been pending since June 15, 1954, that the plaintiff was in great need, and that the defendant had deliberately delayed presenting any law questions. The defendant's counsel handed to the judge the defendant's amended bill of excep-

tions and the plaintiff's objections, denied any dilatory conduct, stated that he had prepared and delivered the transcript, prepared the amended bill, and tried to come to an agreement with the plaintiff's counsel. He requested a short recess to see if at a conference with the plaintiff's counsel he could present a bill which the judge would allow. The judge read the amended bill and the objections, and suggested that counsel try to reach a settlement. The plaintiff's counsel "made an offer to settle, for a sum less than the judge's finding." The defendant's counsel "made a lesser offer, which, he stated, was adequate, considering the law question of any liability of his client." The judge then stated that he would entertain a motion to dismiss the defendant's bill of exceptions for lack of prosecution. The plaintiff's counsel wrote out such a motion, which the judge allowed subject to the defendant's exception.

Rule 74 of the Superior Court (1954), as far as is now material, is substantially the same as Rule 74 of the Superior Court (1932), as to which it has been said: "The defendant is required under this rule to present his bill of exceptions within the time specified (viz., within thirty days after the expiration of three months from the filing) to the trial judge for allowance. If the bill of exceptions is not allowed or disallowed within that time, he is required, within that same time or such further time as may be allowed, to file an affidavit that he has presented the bill of exceptions to the judge for allowance. If he does that, his duty is performed. Thereafter, responsibility for the allowance or disallowance of the bill of exceptions, or for failure to act upon it, rests upon the trial judge and not upon the excepting party." *Graustein* v. *H. P. Hood & Sons, Inc.* 293 Mass. 207, 211. In the circumstances, we think it was error for the judge to dismiss the bill of exceptions for want of prosecution. This was error irrespective of whatever other ground for dismissal might have existed. *Lincoln Electric Co.* v. *Sovrensky*, 305 Mass. 476, 477. We do not intimate that such other ground existed. The exception must be sustained.

Certain cases relied upon by the plaintiff are distinguish-

able. The case of *Frank, petitioner,* 213 Mass. 194, arose before there was a rule in the present form of Rule 74. In both *Attwood* v. *New England Trust Co.* 305 Mass. 472, and *Buden* v. *Olson,* 317 Mass. 156, the bill was not presented within three months.

*Bill of exceptions established.*
*Exceptions sustained.*