ARTHUR ROBINSON, administrator, *vs.* PINE GROVE CEMETERY CORPORATION.

Worcester. September 21, 1959. — November 10, 1959.

Present: WILKINS, C.J., RONAN, COUNIHAN, WHITTEMORE, & CUTTER, JJ.

*Minimum Wage. Labor.*

One employed at a certain salary rate and paid that salary in full during a period prior to January 1, 1950, the effective date of St. 1949, c. 777, § 1, amending § 1 of the minimum fair wage law, G. L. c. 151, by establishing a specific minimum wage of general application, was not entitled to recover any further compensation from the employer for such period under c. 151 where it appeared that during that period there had not been any minimum wage in effect for the employee's occupation by order under c. 151.

CONTRACT. Writ in the Superior Court dated July 17, 1950.

The action was heard without jury by *Swift*, J., who found for the plaintiff.

*Alfred N. Whiting*, for the defendant.

*Nunziato Fusaro, Nicholas Fusaro & Alphonse P. San Clemente*, for the plaintiff, submitted a brief.

COUNIHAN, J. In this action of contract originally brought by Ray Wilday and prosecuted by Arthur Robinson, the administrator of his estate, it is alleged that the defendant owed him money for work and labor performed for the defendant during the period from May 22, 1947, to February 15, 1950, for the reason that he was paid less than the amount required to be paid by the provisions of the minimum fair wage law. G. L. c. 151, §§ 1, 20. The action comes here upon an exception to the denial of the defendant's request for a ruling that "There was no minimum wage in effect under G. L. c. 151 covering the wages of the plaintiff prior to January 1, 1950." There was error.

This action was here before upon a petition to establish a bill of exceptions of the defendant, *Pine Grove Cemetery Corp., petitioner*, 334 Mass. 663, in which there was no discussion of the merits.

The evidence may be summarized as follows: Wilday was employed by the defendant as its superintendent at a salary of $1,200 per year payable at the rate of $100 a month. It was admitted that Wilday was paid such wages in full.

General Laws c. 151, as appearing in St. 1947, c. 432, so far as here relevant declared it to be against public policy to employ any person in an occupation at an oppressive and unreasonable wage. It provided for the appointment of wage boards which after hearing and investigation should recommend to the minimum wage commission the establishment of fair minimum wages for persons in the occupations respecting which the boards were appointed. If approved by the commission the commissioner of labor and industries was authorized to issue orders defining minimum wage rates for such occupations and subsequently to make such orders

mandatory. There was no evidence that any order covering Wilday's occupation was ever issued by the commissioner prior to January 1, 1950.

General Laws c. 151, § 1, was amended by St. 1949, c. 777, § 1, by establishing a specific minimum wage of sixty-five cents an hour in any occupation, with exceptions not here relevant. This statute became effective January 1, 1950.

There was therefore no minimum fair wage established respecting Wilday's occupation prior to January 1, 1950, and the request for ruling should have been granted.

It appears from the record that Wilday was paid at the rate of approximately seventy-seven cents an hour from January 1, 1950, to February 15, 1950, which was in excess of the rate established by G. L. c. 151, § 1, as amended, so that Wilday could not recover anything for that period.

*Exceptions sustained.*
*Judgment for the defendant.*