ARTHUR PIERCE vs. FRANK A. PIERCE & another.   May 18, 1942.   Order denying jury issues affirmed.   This is an appeal from an order of the Probate Court, in the matter of the alleged will of Ida R. Goff, late of Concord, denying a motion by the contestants for the framing of issues for trial by a jury. The argument in behalf of the contestants is now directed only to the issue of undue influence. Upon consideration of the statements of expected evidence — which need not be recited — in the light of the established principles of law governing the framing of such issues and review on appeal after action of the Probate Court on motions for the framing of such issues — which have been frequently stated and need not be restated — including recognition of the element of discretion vested in the probate judge, we conclude that there was no error in the denial of this motion.   See *Hannon* v. *Gorman*, 296 Mass. 437.

C. C. *Steadman*, for the contestants.

F. H. *Chase*, (*E. F. Loughlin* with him,) for the petitioner.


BARCLAY PARK CORPORATION vs. HUGH BANCROFT.   May 26, 1942. Order dismissing report affirmed.   This action of contract on an account annexed was brought in the Municipal Court of the City of Boston.   The plaintiff, a hotel corporation, seeks to recover from the defendant the sum of $179.48, and interest, as the balance of hotel charges for one Mrs. Rogers, in excess of a credit of $270.   The account sued upon includes items for valet, telephone charges, porter and cash advances aggregating $251.32.   There was a finding for the defendant.   Requests for rulings by the plaintiff, including a request that the plaintiff is entitled to recover, were refused.   A report to the Appellate Division was dismissed and the plaintiff appealed.   The only evidence consisted of a deposition on behalf of the plaintiff and answers to interrogatories by the defendant.   According to the defendant's answers to interrogatories, he "agreed to pay a reasonable sum for food and lodging of Mrs. Verne Rogers during her stay at the hotel of plaintiff corporation," but he "did not contract for porter, valet, telephone charges or cash advances," and the bill included vouchers for two items aggregating $15.45 signed by him.   There was no evidence that there was any balance due for these two items or for "food and lodging."   And the answers to interrogatories were not contradicted unless by the deposition on behalf of the plaintiff.   This deposition, however, might have been disbelieved by the trial judge.   *Germain* v. *Raad*, 297 Mass. 73, 75.   But even if the deposition was believed, including the statement therein that the defendant, when he left the plaintiff's hotel, caused to be delivered to the plaintiff a letter dated January 31, 1938, signed by him, in which he said: "I enclose two hundred and seventy dollars toward Mrs. L. H. Rogers account.   Mrs. Rogers tells me she expects to stay in the house till this Saturday (February 5, 1938). If it is not too out of order would it be possible to send me the charges for the balance of her bill," it would not follow that a finding for the plaintiff was required as matter of law.   Even if the request in this letter were to be regarded as an implied promise for consideration to pay "the charges for the balance of her bill," it could not be ruled as matter of law, in the light of all the evidence, that the charges so referred to included charges for "porter, valet, telephone charges or cash advances."   If they did not, the plaintiff is not entitled to recover.   There was no error in refusing the plaintiff's requested rulings.

A. T. *Wasserman*, for the plaintiff.

No argument nor brief for the defendant.